## McDONALD vs. FALVEY.

Where the circuit court, on motion, set aside an entry of satisfaction of a judgment, upon the ground that three-fourths of the amount of the judgment (being over $1000) was still due and unpaid, and that the acknowledgement of satisfaction had been filed by the plaintiff's attorney without her knowledge or consent, it appearing that several affidavits on each side were read at the hearing of the motion, and that these were so conflicting that this court could not satisfactorily determine the facts in the case, the order of the circuit court was reversed, and the cause remanded with directions that the parties make up an issue for trial by complaint and answer.

APPEAL from the Circuit Court for *Vernon* County.

On the 3d of September, 1861, a judgment was docketed in said circuit court in favor of *Ann McDonald* against *Thomas Falvey*, for $1438 damages, and $50.33 costs. On the 28th of October following, L. W. Graves, Esq., the attorney of record for the plaintiff, filed an acknowledgement of the satisfaction of said judgment, except the sum of $310, which acknowledgment was signed by himself as such attorney; and an entry in accordance with this acknowledgement was made on the judgment docket. At the June term, 1863, of said court, the plaintiff moved to set aside said satisfaction in part, on the

grounds that it was "entered in violation of an agreement and understanding had in relation to a settlement of said judgment," and that the plaintiff had not paid any part of said judgment except the sum of $342. This motion was heard upon affidavits of the plaintiff and her husband, and J. E. Myers, cashier of the Monroe County Bank, upon the part of the plaintiff, and counter-affidavits of L. W. Graves, Esq., and one Grovenor, who had acted as agent for the defendant in an alleged settlement and compromise of said judgment. For the plaintiff it was sought to be shown, that she had agreed with Grovenor, on the 25th of October, 1861, in the presence of Graves and her husband, to accept the sum of $650 in full satisfaction of said judgment, but only upon the express condition that the whole of said sum should be paid within one year from the date of said settlement, and that in case of a failure of payment within the time so limited the judgment was to be in force for the whole amount named therein, so far as the same should remain unpaid; that this condition was distinctly understood by the parties present, and she expressly refused to sign either of certain papers presented to her by her attorney, Graves, for her signature, and which she understood to be an acknowledgment of satisfaction of the judgment, and instructed her said attorney not to sign any such paper in her name or behalf; that she was not aware until a considerable time afterwards, that any such acknowledgment of satisfaction had been executed, and, immediately upon being informed of the fact, took steps to have the same cancelled; and that only the sum of about $340 had in fact been paid pursuant to said agreement, which amount was paid on said 25th of October, 1861. On the part of the defendant it was claimed, that there was an absolute agreement between the parties that $650 should be paid and accepted as full satisfaction of the judgment; that $340 should be paid at the time, and the judgment discharged except for the balance of $310, for the payment of which with interest it was still to remain as security; that the

acknowledgment of satisfaction signed by Graves was drawn up by him during the interview between the parties, and was by him read and fully explained to the plaintiff, and the same was executed by her direction and with her full approval. The circuit court made an order granting the plaintiff's motion; and the defendant appealed.

*Montgomery, Tyler & Wing,* for appellant.

*Hugh Cameron,* for respondent.

*By the Court,* DIXON, C. J.   The amount involved in this motion is considerable.   It is upwards of $1000, and more than three fourths of the sum for which the judgment was originally entered.   The proofs are the most conflicting.   It is affidavit against affidavit, and oath against oath.   We are satisfied that it is not a case which should be finally determined upon the affidavits.   It should be left to the ordinary mode established for the trial of contested questions of fact.   An issue should have been made, and the facts submitted to a jury. Upon the affidavits presented, with no opportunity of seeing the witnesses or hearing them testify, and with no cross-examination, no court can decide with any degree of satisfaction to itself, or with much likelihood of doing justice between the parties.   Certainly we cannot, and, upon looking into the books, we find our impressions as to the practice greatly strengthened by the authorities,

The practice of granting relief in cases of this nature by summary application upon motion, may now be considered as thoroughly established. *Spafford v. Janesville,* 15 Wis., 475, and *Cooley v. Gregory,* 16 Wis., 303, and cases cited.   A motion is now the proper remedy in all cases where *audita querela* was formerly used.   Like many other proceedings familiar to modern practice, this remedy by motion is the result of a gradual progress.   It has grown up little by little.   At first, the motion was not entertained where the facts were disputed.   In such cases the party was turned over to his remedy by *audita quer-*

*ela*, when the facts could be regularly tried. Accordingly we find Lord HOLT, in the early case of *Wicket v. Creamer*, 1 Salk., 264 (S. C., 1 Ld. Raym., 439), holding that the court would relieve a party upon motion, unless the ground of his applicacation was a release or some such matter of fact as was proper to be tried. The same rule was applied in an early case in New York. *Wardell v. Eden*, 2 Johnson's Cases, 258. And since the motion has taken the place of the *audita querela* altogether, it would seem that the same mode of trial ought still to prevail; and such we find to be the practice. An issue is made, and sent to the jury to be tried, like other issues of fact. In *Lister v. Mundell*, cited in *Cooley v. Gregory, supra*, such an issue was ordered. And in *Horner & McCann v. Hower*, 39 Pa. St., 126, an order of the common pleas directing a judgment to be satisfied, was reversed because the facts upon which the application was made were doubtful, and the court of common pleas should have directed an issue, instead of proceeding to order the judgment discharged upon affidavits. In *Baker v. Ridgway*, 2 Bing., 41 (9 E. C. L., 311), the very question here presented was determined. The court held that it would not decide between contradictory affidavits, but would order the contested fact to be ascertained by a jury. *Everett v. Knapp*, 6 Johns., 331, is a case where the court thought the charge so directly made out by the affidavits, and the counter-affidavits so equivocal and evasive, that an issue was unnecessary. In *Lansing v. Foot*, 16 Johns., 4, the defendant moved for an order for a perpetual stay of execution, which was denied on the ground that the parties interested were so numerous and the facts so complex, that the court could not do justice to all concerned. A stay of proceedings for three months was ordered, that the parties might make their application in chancery, though the jurisdiction of the court to grant the relief is expressly affirmed. In *Frink v. Morrison*, 13 Abb. Pr. R., 80, the court refused to set aside a judgment, on motion of one having a subsequent lien, upon the ground that it had been

satisfied. The evidence was conflicting, and it was held that the person having the lien, who in that case was a mortgagee must resort to his action. *Watts & Joiner v. Norton,* R. M.' Charlton, 353, is to the effect that if the court requires information of matters of fact, it will cause an issue to be made up for that purpose. These citations sufficiently illustrate what the practice is and ought to be in cases like this, and show how uniformly the courts have refused to decide disputed questions of fact upon mere *ex parte* affidavits.

The order must therefore be reversed, and the cause remanded with directions that the plaintiff file and serve her complaint, and the defendant his answer, and that the parties proceed to trial as in other cases.