Hooper vs. Smith.

Hooper, Respondent, vs. Smith, imp., Appellant.

*September 26 — October 15, 1889.*

*Vacating judgment: Denial of motion without hearing and without prejudice to action.*

A motion to vacate a judgment for deficiency and to set aside an execution sale of land thereunder was made more than nine months after such sale, more than eight years after the entry of such judgment, and more than eleven years after a trial upon the merits and the entry of judgment of foreclosure of the mortgage. The motion was based partly on facts existing prior to such foreclosure judgment, and partly on facts said to have occurred subsequently. The affidavits and proofs were very voluminous and conflicting, and it appeared that the rights of third persons were involved. *Held,* that the motion was properly denied without a hearing on its merits, and without prejudice to the right to bring an action for the same relief.

APPEAL from the Circuit Court for *Winnebago* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that this action was commenced August 4, 1876, for the foreclosure of a note and

mortgage for $2,600, dated May 1, 1874; and that, after a trial upon the merits, judgment of foreclosure and sale was entered in favor of the plaintiff and against the defendants, in the circuit court for Winnebago county, December 30, 1876, in which there ·was found to be due the plaintiff $2,050; that on the same day there was remitted from the amount so found due, on account of payment and collection, the sum of $613, leaving a balance due of $1,437; that March 3, 1877, the mortgaged premises were sold on that judgment to the plaintiff for $800; that April 9, 1877, such sale was confirmed, and a deficiency reported of $801.06; that February 13, 1880, a judgment for such deficiency was entered, and the same was docketed in Winnebago county October 16, 1880; that April 10, 1882, the plaintiff assigned said judgment to Henry Sherry, and such assignment was thereupon filed in the records of said court.

It further appears that on June 5, 1887, such judgment for deficiency was docketed with the clerk of the circuit court for Eau Claire county; that September 9, 1887, on application to the circuit court for Winnebago county, an order was entered directing execution to issue for such deficiency, and on the same day execution was issued thereon and directed to the sheriff of Eau Claire county, who received the same September 16, 1887, and thereupon levied upon certain lands in Eau Claire county, and sold the same November 18, 1887, and returned said execution, with $353.75 made thereon by such sale.

It further appears that on August 23, 1888, the appellant, *Smith*, gave notice of a motion to be made September 7, 1888, to set aside said judgment for deficiency, and also to set aside and vacate the sale of such lands in Eau Claire county, by reason of certain transactions alleged to have occurred prior to the rendition of the original judgment of foreclosure and sale, and also by reason of certain other transactions which subsequently occurred, and particularly

by reason of an alleged settlement in fact in the month of April, 1879; that, upon the hearing of said motion, the appellant, *Smith*, filed certain additional proofs, and the plaintiff also filed certain affidavits and proofs in opposition thereto; that said motion was thereupon continued from time to time until December 29, 1888, at which time the appellant, *Smith*, by leave of the court, filed certain additional affidavits and proofs, and the plaintiff also filed certain additional affidavits and proofs; that said motion was thereupon continued until January 19, 1889, and on that day it was again continued on said *Smith's* application; that the court thereupon entered an order, on motion of said *Smith*, to the effect that the hearing be continued until February 11, 1889, at 10 o'clock A. M., at which time the court was to determine whether such motion should or should not proceed, and that, if the court should then determine to hear the motion on the merits, all affidavits should be filed by the plaintiff which he proposed to use in opposition to such motion, and thereafter the said *Smith* should have twenty days' further time to file and serve on the plaintiff his argument in writing, which might be answered in writing in twenty days thereafter, by the plaintiff,— such answer to be filed and served; and it was further ordered that, at any time on or before February 11, 1889, the said *Smith* might withdraw the motion, without prejudice to a bill in equity to set aside said judgment, but in that case, or in case of an order refusing to hear such motion on the merits, all affidavits and papers filed on such motion should remain on file and in the custody of the court; that February 11, 1889, the said *Smith* declined to withdraw his motion, and insisted upon a hearing, and the court thereupon determined not to hear said motion upon the merits, and, on its own motion, made and entered therein an order to the effect that this motion be, and the same is hereby, denied without prejudice to any action on the part of said *Smith* by com-

plaint seeking the relief sought in this motion, or any part. thereof; and it was further ordered that said *Smith* pay to Henry Sherry, assignee of said judgment, and the real party in interest herein in opposition to said *Smith*, or to his attorneys, $10 costs of this motion; and, on motion of said *Smith*, the court further ordered that the sheriff of Eau Claire county and his predecessor do refrain from making any deed based on said sale of said lands in said Eau Claire county until April 1, 1889.

From that part of said order denying *Smith's* motion with costs the said *Smith* appeals.

For the appellant there was a brief signed by *William Smith*, in person, and *Silas Bullard*, of counsel, and the cause was argued orally by *F. Scheiber*.

For the respondent there was a brief by *Hooper & Hooper*, and oral argument by *Moses Hooper* in person.

CASSODAY, J. This motion to set aside the sale of the Eau Claire lands, and the judgment for deficiency, was not made until more than nine months after such sale, and more than eight years and a half after the entry of such judgment, and more than eleven years and a half after a trial upon the merits and the rendition of the foreclosure judgment. The grounds for such motion consist in part of facts said to have existed prior to such foreclosure judgment, and in part of facts said to have transpired afterwards, and particularly an alleged settlement made in, April, 1879,— some ten months prior to the entry of such judgment for deficiency. Certainly such motion could not be made to perform the office of an appeal. This has frequently been decided by this court. The affidavits and proofs presented on the hearing were very voluminous and conflicting, and others were to be filed in case of a hearing upon the merits. These things being so, it would have been improper to have determined the controversy

upon such affidavits, and without a trial upon the merits. *McDonald v. Falvey*, 18 Wis. 571. The court might, possibly, have been justified in directing an issue and trial upon the merits. *Ibid.; Cooley v. Gregory*, 16 Wis. 303; *Williams v. Troop*, 17 Wis. 463. It appears from the affidavits, however, that the rights and interests of certain persons who were strangers to the record of the foreclosure judgment are involved in the controversy. This being so, it seems to be an improper case to determine upon such motion. If the judgment for deficiency was wrongfully obtained and is inequitable, and the grounds of the appellant's motion are meritorious and he has not lost his rights by laches or otherwise, then there would seem to be no good reason why he should not be relegated to his remedy by action. That such an action may be maintained in a proper case has frequently been determined. *Stowell v. Eldred*, 26 Wis. 504; *Barber v. Rukeyser*, 39 Wis. 590; *Hiles v. Mosher*, 44 Wis. 601; *Nevil v. Clifford*, 55 Wis. 161; *Ketchum v. Breed*, 66 Wis. 85. The order in question was made without prejudice to the appellant's right to maintain such an action. There seems to have been no abuse of discretion in making the order.

*By the Court.*— The order of the circuit court is affirmed.