Gaynor vs. Blewett.

| 85 | 155 |
| 94 | 673 |

GAYNOR Appellant, vs. BLEWETT, imp., Respondent.

*April 14 — May 2, 1893.*

*Supplemental proceeding to limit judgment: Interpleader.*

Where a judgment debtor has procured from one of his two joint judgment creditors a discharge of the entire judgment, even though he has paid nothing therefor, he is entitled, upon a supplemental complaint, to have the rights of said creditors as between themselves determined, and to have the original judgment limited or reduced accordingly; and the court cannot impose terms upon the exercise of that right. Such proceeding is not an action of interpleader, but a supplemental proceeding in the original action.

APPEAL from the Circuit Court for *Winnebago* County. This is an appeal from an order sustaining the demurrer of the respondent, *Blewett*, to the plaintiff's complaint,

which is in the nature of a supplemental complaint upon the foot of the judgment recovered by said *Blewett* and Patrick Gaynor against the plaintiff herein, *James Gaynor*, March 31, 1890, for $8,061.45 damages and $53.05 costs, for moneys earned by the plaintiffs in the original action under a contract in respect to a logging business with the appellant, *James Gaynor*, and which judgment was affirmed by this court, *Blewett v. Gaynor*, 77 Wis. 378–393, where the original case is fully stated, and from which it appears that the plaintiff in the present complaint defended the action on the ground that he, as copartner with the plaintiff *Blewett* therein, and acting for the firm, made a settlement of the subject matter with the defendant, *James Gaynor*, the plaintiff in this suit, and the testimony of the said Patrick Gaynor was produced to support that contention, but it was negatived by the finding of the court. This court, noticing the argument that as to Patrick Gaynor he ought not to be allowed to recover in that action, and that the judgment should only have been in favor of the plaintiffs for one half of their claim, says: "There would be force in this contention if it were established that, as between the two plaintiffs, each was entitled to one half the sum due from the defendant; but their rights as between themselves are not shown by the evidence in this case. And if it should upon investigation be shown that Patrick Gaynor, as between himself and *Blewett*, was entitled to one half of the sum due from the defendant [*James Gaynor*], or more or less than one half, the defendant could probably limit the plaintiff *Blewett* in collecting the judgment to the amount which was actually due him from the defendant *as between himself and Patrick Gaynor*, upon his obtaining a release of the judgment by Patrick Gaynor, or by some proper proceeding to satisfy the judgment."

The appellant, *James Gaynor*, in the present complaint, after setting out the proceedings in the action, the recovery

of the judgment, and its affirmance in the supreme court, alleges, in substance, that there is nothing whatever due to the defendant *Edmund Blewett* upon the said logging contract aforesaid as between himself and the said Patrick Gaynor; that *Blewett* abandoned working under it at the end of the second season, and the defendant Patrick Gaynor went on and completed it alone; that *Blewett* received under the contract, prior to July 1, 1885, over $3,000 more than he paid out thereunder, no part of which has the said Patrick Gaynor shared or received the benefit of, but all of which *Blewett* should account for to him, with interest; that Patrick Gaynor had received no profits under the contract, but had incurred a loss thereunder and paid out more than he had received; that he had assumed an indebtedness and become liable for expenses incurred in the prosecution of the logging business under said contract in a sum exceeding $3,000, a schedule of the particulars of which is annexed to the complaint, for one half of which *Blewett* should account to him, Patrick, and that said Patrick Gaynor makes a further claim against said *Blewett* for failure to appear and do his share of the work under said contract for the seasons following the logging season of 1884–85 until the same was completed, amounting to a sum exceeding $3,000. And it is alleged that all of these matters shall be taken into account, with interest, in an equitable adjustment under said logging contract between said *Blewett* and said Patrick Gaynor, but that the plaintiff, *James Gaynor*, has not sufficient information to state the account for either party or make it more definite than is above given; that *James Gaynor's* attorney, after the recovery of said judgment against him, drew a satisfaction of the judgment, sent it to Patrick Gaynor, and asked him if he would not execute it, in view of what the supreme court had said in respect to limiting the judgment, and as there was nothing actually due said *Blewett* as between him

and said Patrick Gaynor; that the said Patrick Gaynor executed said satisfaction of judgment, which was acknowledged and returned and filed in the original cause, and is an absolute satisfaction of the entire judgment, but it is admitted that said *James Gaynor* paid said Patrick nothing for it at that or any other time.

The complaint further sets out divers proceedings which had been instituted on said judgment against said *James Gaynor*, the judgment debtor therein, and it is charged that they are being conducted by *Blewett* alone, without the concurrence of Patrick Gaynor, and that it is his purpose to collect from the plaintiff in this complaint the whole of said judgment and appropriate it to his use. It charges that the defendant *Blewett* is wholly insolvent, and alleges that if, on a fair accounting between the said *Blewett* and Patrick Gaynor, the defendants in the present complaint, of all matters and accounts arising from or growing out of said logging contract, there is still due to the defendant *Blewett* any sum thereunder and the said judgment, the plaintiff, *James Gaynor*, is ready and willing to pay it; and he prays for an accounting between said Patrick Gaynor and *Blewett* in respect to the matters aforesaid; that each of them be compelled to state the account between them thereunder as each claims it to be, and that it be adjudged that as between them there is nothing due said *Blewett* upon the contract, and that the satisfaction executed by Gaynor of the judgment be decreed to be a full and complete discharge thereof, and for an injunction during the pendency of the complaint restraining the defendants in the present complaint and each of them, their agents, servants, and attorneys, from in any manner attempting to collect, have, or receive any sum of money whatever under and by virtue of the judgment aforesaid, and for general relief.

The defendant *Blewett* demurred to the complaint for

that it did not state a case giving the court equitable juris-
diction of the subject matter, and that the complaint did
not state facts sufficient to constitute a cause of action.
The circuit court sustained the demurrer, treating the com-
plaint as one in an action for interpleader, and ordered that
the plaintiff have twenty days to amend by the insertion
therein of an allegation denying collusion between the
plaintiff and either of the parties defendant, and also by
alleging that the amount of the judgment, with interest,
had been paid by the plaintiff, *James Gaynor*, into court
subject to the order of the court upon the determination
of the action, and requiring that, as a condition of filing
such complaint, the plaintiff pay into court the amount of
such judgment and $10 costs of the demurrer.   The plaint-
iff, *James Gaynor*, appealed from this order.

*Geo. E. Sutherland*, for the appellant.

For the respondent the cause was submitted on the brief
of *Edward S. Bragg*.

PINNEY, J.   If the complaint of *James Gaynor*, the judg-
ment debtor in the original action, showed upon its face
that he wished to pay the judgment, and, owing to a dis-
pute between the judgment creditors, *Blewett* and Patrick
Gaynor, he was ignorant to whom to make payment, there
would be some plausible reason, perhaps, for claiming that
the present action, which is a secondary or supplemental
one upon the foot of the judgment, is an action of inter-
pleader; but it is doubtful whether the action could even
then be maintained, within the rule in *McDonald v. Allen*,
37 Wis. 108, as *James Gaynor* could safely pay the money
into court upon notice to the claimants, or make payment
to the sheriff on execution, which would fully protect him
as against the respective claims of the parties.   The com-
plaint shows very plainly that *James Gaynor* is not desirous
of paying any money into court for any purpose, but that

he is probably acting in collusion with Patrick Gaynor, who is one of the judgment creditors and under his control, as was said to be the case by this court in the original suit, and has instituted this proceeding to avoid paying as much of the judgment as possible, as he has an undoubted right to do if he has any legal or equitable right to have the judgment limited or reduced or declared satisfied. He has procured, without paying anything for it, from Patrick Gaynor a discharge of the entire judgment, and not merely a release of the interest of Patrick Gaynor in it, and he now contends that as between *Blewett* and Patrick Gaynor there was nothing due to *Blewett* on the judgment, and that the discharge ought to be held to be a legal and equitable extinguishment of the entire judgment. Beyond doubt, Patrick Gaynor had a right to give to *James Gaynor* all his right, title, and interest in and to the judgment, as he has done already, and *James Gaynor's* rights thus acquired are entitled to be respected and enforced as fully and completely as if he had paid full value in money for whatever right or interest, if any, Patrick Gaynor had in the judgment. And *James Gaynor* is entitled to have the original judgment reduced and limited, and the rights of the parties thereto declared accordingly, just as clearly as if *James Gaynor* had made a corresponding payment upon it with property or money. His right to come into court by supplemental complaint, petition, or motion. is complete and absolute, and, so far as the mere trial and determination of this claim is concerned, the court cannot impose terms upon the exercise of that right, any more than in any ordinary suit of legal or equitable cognizance. Whatever rights *James Gaynor* has by reason of the premises have been acquired by him since the rendition of the judgment, and he has the same rights in respect thereto as Patrick Gaynor had as against his copartner *Blewett*, namely, to have their respective rights and interests in and to the judgment

declared and adjudicated.   It is plain that Patrick Gaynor
might have prosecuted his claim in this respect as against
*Blewett* without the payment of money into court or giv-
ing any security for the payment of any, and in this regard
*James Gaynor* has succeeded to all his rights.   Should he
apply for any order, injunctional or otherwise, restraining
proceedings to collect the judgment, the court, in its dis-
cretion, would no doubt require of him, as a condition of
granting such order, that he give security in the manner
and form and to the effect ordinarily required upon grant-
ing injunctions against the collection of judgments at law.
But as yet *Blewett's* right to proceed to collect the judg-
ment has not been interfered with.   There is nothing to
show that the discharge of the judgment, which has been
filed and is claimed to be collusive and fraudulent, has been
entered of record, and, if it has been, there is a plain rem-
edy to get rid of it.   As the case now stands, *James Gay-
nor* and *Blewett* are the real parties in interest in this
litigation, and Patrick Gaynor a mere formal party, whose
rights and interests, if any, have been extinguished for the
benefit and in the interest of *James Gaynor.*   The exercise
of this jurisdiction to limit or reduce a judgment at law
upon equitable grounds is an ancient one, and was formerly
exercised by writ of *audita querela;* and in modern prac-
tice it may be by motion or by petition or complaint in
the nature of a supplemental pleading, upon which an issue
may be joined, and a trial had, and proper judgment given.
1 Am. & Eng. Ency. of Law, 1003; *McDonald v. Falvey*, 18
Wis. 599.   Where relief is sought by motion, the court
may in its discretion direct an issue to be tried by the jury.
The jurisdiction and practice in cases such as this has been
examined and explained in many cases, particularly in
*Cooley v. Gregory*, 16 Wis. 305; *Hooper v. Smith*, 74 Wis.
530, 534; *Williams v. Troop*, 17 Wis. 463; and *McDonald
v. Falvey, supra;* and must now be considered as well

settled.   We hold, therefore, that the present proceeding
is a supplemental one, and merely a graft on the original
action to control and limit the judgment rendered in it,
and not an action of interpleader, and that, as all the nec-
essary parties are before the court, an original action, as
an action of interpleader would be, in the same or another
court, cannot be maintained.   The cases on this point are
cited in the recent case of *Stein v. Benedict*, 83 Wis. 603, in
which this subject was fully considered.   For these reasons
we hold that the demurrer of the defendant *Blewett* is not
well taken; and that it was improperly sustained.

*By the Court.*— The order of the circuit court is re-
versed, and the case is remanded for further proceedings
according to law.