JOHNSON, Appellant, vs. HUBER, Respondent.

*March 1 — March 20, 1900.*

*Equity: Enforcing judgment after settlement: Injunction: Remedy at law: Waiver.*

1. An attempt to enforce a judgment in violation of an agreement for the settlement thereof which has been consummated by the judgment debtor by making payments as agreed, is inequitable and fraudulent, and a court of equity will restrain such enforcement and require the removal of the cloud caused by such judgment on the title to land.

2. In an equitable action the objection that there is an adequate remedy at law is waived by service of an answer in which such objection is not raised.

APPEAL from a judgment of the circuit court for Pierce county: A. J. VINJE, Judge. *Reversed.*

Judgment dismissing the complaint on sustaining a demurrer *ore tenus*, after receiving the evidence offered on both sides. From the complaint it appears that the defendant *Huber* had recovered a judgment in an action of slander against the plaintiff for about $600 damages and costs; that, after plaintiff here had made some effort toward appeal, and before time for appeal had expired, the parties, together with a brother-in-law of both, met and negotiated for a settlement, and an agreement was reached to accept and pay $300 in full, this plaintiff also to forego any right of action for alleged slander addressed to him by *Huber;* that such agreement for settlement was consummated by the present payment of $50 from *Johnson* to *Huber*, and an agreement to pay the remaining $250 to a designated banker within ten days, which was done by plaintiff; that the defendant *Huber* thereafter repudiated said settlement, refused to receive said $250 from the depositary, and proceeded by execution to collect said judgment, which execution, at the time of commencement of the suit, was in the hands of the sher-

iff and had been levied upon certain real estate of the plaintiff. The plaintiff also alleges ownership and possession by the plaintiff of certain real estate in Pierce county, whereon said judgment is an apparent lien and clouds the plaintiff's title. The prayer is for the cancellation of said judgment of record, restraint of the sheriff from enforcing his execution, and intermediate restraint of the defendant *Huber*, his attorneys, agents, and all persons acting for him, from taking any steps upon said execution or to enforce the judgment, and for such other or further judgment as the court should deem meet. Before the commencement of the trial, the sheriff having returned the execution unsatisfied, the suit was, by stipulation, dismissed as to him.

The answer did not raise, as objection to the taking of jurisdiction of this action, that plaintiff had any other remedy. To the order sustaining the demurrer *ore tenus* plaintiff duly excepted, and from the judgment based thereon he brings this appeal.

For the appellant there was a brief by *Baker & Haven*, and oral argument by *Spencer Haven*.

For the respondent there was a brief by *E. W. Bundy* and *A. Combacker*, and oral argument by *Mr. Bundy*.

DODGE, J. The objections raised to the complaint were absence of jurisdiction of the subject matter and the existence of an adequate remedy at law. They are supported in this court, and presumably were in the court below, by the contention that plaintiff might have obtained all the remedy sought in this action by a motion in the suit of *Huber v. Johnson*, where the court would have had power to grant such relief either by virtue of sec. 2911, Stats. 1898, or by virtue of the control inherent in courts over the enforcement of their own judgments. That contention might well be conceded without affecting the conclusion in this case. The jurisdiction of courts of equity by proceedings *in personam*

Johnson vs. Huber.

to prevent the inequitable or fraudulent use of judgments is perfectly well established. It was last declared by this court in the two very recent cases of *Crowns v. Forest L. Co.* 102 Wis. 97, and *Zinc Carbonate Co. v. First Nat. Bank,* 103 Wis. 125. True, the court was there speaking of judgments obtained inequitably, but the jurisdiction is equally applicable to judgments of which the enforcement has become inequitable or fraudulent by reason of events subsequent to their rendition. *Felch v Lee,* 15 Wis. 265; *Hooper v. Smith,* 74 Wis. 530; *Marsh v. Haywood,* 6 Humph. 210. We might add that an element of the relief sought and supported by allegations of the complaint is the removal of a cloud caused by the unsatisfied judgment upon the title of the plaintiff to certain real estate. This also is a frequently exercised jurisdiction of courts of equity.

The objection that adequate relief can be otherwise obtained, now urged to the exercise of such power, is waived if not raised by demurrer or answer. Some little uncertainty cast upon the universality of this rule has certainly now been removed by the recent case of *Hoff v. Olson,* 101 Wis. 118, reference to which renders citation of other authorities unnecessary. The service of the answer in this case, making no objection by reason of the existence of any other remedy, has completely waived it and submitted the rights of both plaintiff and defendant to consideration and adjudication according to equitable methods, and the objection to admission of all evidence by reason of the existence of such other remedy should have been overruled, instead of sustained, and the judgment entered as upon the sustaining of a demurrer must be reversed.

Such judgment being reversed, we are confronted by a record in which it appears that, before deciding upon its admissibility, all evidence offered by either party was received, and the case ready for decision upon its merits. The court should have proceeded to make findings of fact upon

such evidence, and conclusions of law therefrom, and to render judgment. If the case presented by the evidence were doubtful, we might deem it best to remand the cause with direction to the court below to make such findings; but we have carefully examined the evidence and are satisfied that the preponderance is overwhelming in support of the cause of action set forth in the complaint. The making of an agreement to accept $300 in full satisfaction in con sideration of the surrender by the plaintiff, *Johnson*, of his right to appeal, and of his claim, if any he had, against the defendant for slander, is established by the testimony of both plaintiff, defendant, and a brother-in-law of both of them, who was present. The payment of the $300 in compliance with that settlement — $50 to the defendant *Huber* and $250 to his agent designated to receive the same — is without dispute; and the suggestion of the answer that such agreement or settlement was not understood by the defendant, and was brought about by duress, is wholly unsupported. The fact is admitted that the plaintiff is the owner of real estate, upon the title to which a cloud is created by the pendency of this judgment unsatisfied of record. From these facts we cannot avoid the conclusion that either any attempt to enforce this judgment against the plaintiff, or even the maintenance of it of record ostensibly unsatisfied, is an inequitable — nay, fraudulent — use of it, which the court should prevent by proper decree; and we decide, therefore, to remand this case with directions to enter a decree to accomplish that result, namely, perpetually enjoining the defendant from taking any steps to enforce that judgment as against the plaintiff or his property, and commanding the defendant that he forthwith cancel and satisfy said judgment upon the records of the court.

*By the Court.*— Judgment reversed, and cause remanded with directions to enter judgment in accordance with this opinion.