Jones, Appellant, vs. Thomas, Respondent.

*December 15, 1903—January 12, 1904.*

*Arbitration and award: Subject matter submitted: Construction: Equity: Inequitable use of judgments: Injunction.*

1. An agreement between a judgment debtor and his creditor—the subject-matter of the judgment being in dispute—submitting without qualification the real right of the matter to arbitrators for decision, includes by necessary implication an agreement to discharge such judgment; and a court of equity, in the absence of some countervailing equity of the creditor, will, at the suit of the debtor, enjoin the inequitable use of such judgment and compel its discharge.

2. An agreement to submit the subject of the validity of a judgment to arbitrators to determine, such validity being in litigation, nothing appearing to the contrary, implies that such submission shall displace such litigation and that the judgment shall stand or fall as a result of the award.

3. An agreement for arbitration of the character above suggested, including other matters of difference of a pecuniary nature, the right of the matter as to such other matters to be considered with the judgment indebtedness in determining what amount, if anything, shall be paid by either party to the other,

implies that the judgment shall abide the result of the arbitration.

4. An agreement of the character above mentioned, including, after describing the matters submitted, an agreement, in effect, that each party shall abide by the commands of the arbitrators, followed by language to the effect that all actions, suits or proceedings now pending shall be withdrawn and dismissed and all judgments or liens of either against the other shall be discharged, does not indicate beyond reasonable controversy a mutual intention that the discharge shall occur regardless of the award, and that the remedy of either party to collect any sum found due him shall be upon the award alone.

5. A construction put upon an ambiguous arbitration agreement by the parties thereto and by the arbitrators, up to and inclusive of the time of the making of the award, which is reasonable and equitable, may properly be held to be the one intended to be incorporated therein.

6. A controversy as to the amount that ought to be paid upon a judgment having been submitted to arbitrators and determined, equity jurisdiction cannot properly be used to prevent the enforcement of such judgment by ordinary means to the amount of the award upon the judgment debtor refusing to comply therewith.

[Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Columbia county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

The complaint is to this effect: April 3, 1902, matters of difference existed between plaintiff and defendant as follows: The latter was a judgment creditor of the former to the amount of $90.65, and $15.75 costs, the judgment having been rendered in justice court and duly transcripted to the circuit court for Columbia county, Wisconsin. There were pending in the latter court proceedings at the suit of the plaintiff, to test the validity of such judgment. There was an action pending between plaintiff and defendant's wife in respect to a matter proper for judicial settlement. For the purpose of adjusting such differences and others, the parties concerned joined in a written submission of the whole to arbitrators to say what was the duty of each in the premises.

The power of the arbitrators, and the words of the agreement in the submission, are as follows:

"Said persons are hereby named and constitute a board of arbitration to hear, try and determine all matters in controversy between the parties hereto that shall be submitted to them, whether actually litigated or otherwise, and their decision thereon shall be final and irrevocable and so recognized and understood by the several parties hereto."

At a time and place designated by said board of arbitration said parties shall present their respective claims, and after due hearing had and a decision and award made by the said board its decision shall be fully and completely carried out by the parties charged thereby with the performance of any duty, whether it be for the payment of money, performing act, or otherwise.

All actions, suits or proceedings now pending shall be withdrawn and dismissed.

All judgments or liens of one or more of the parties against either or any of the other parties hereto shall be satisfied of record.

A bill of costs in the different suits, actions or proceedings shall be made and submitted to said board of arbitration by the attorneys of the respective parties, and the question of what part thereof each party shall pay shall be determined by said board in like manner and effect.

A full hearing before such arbitrators was had and they duly made their award in respect thereto. Plaintiff fully performed his obligations as to the agreement aforesaid, but defendant has failed in that regard and has refused to satisfy of record the said judgment, and has caused an execution to be issued thereon and property of the plaintiff seized thereunder.

Plaintiff asked for relief restraining the defendant and his agents from further proceeding to collect the judgment, and requiring a return of the property seized as aforesaid, and the discharge of such judgment.

The answer is to this effect: The allegations of the complaint are true except those in respect to plaintiff having

fully performed under the arbitration agreement and defendant having failed to do so. The award of the arbitrators, among other things, required plaintiff to pay the sum of $73.68 and one half of the costs to defendant upon the judgment referred to in the complaint, defendant thereupon to discharge the same. Plaintiff has refused to abide by said award in that he has not paid any part of said judgment. The defendant has at all times stood ready and is now ready and willing to abide by the arbitrators' award in every respect.

Plaintiff demurred to the answer for insufficiency and the demurrer was overruled. Plaintiff appealed.

*Paul D. Durant,* for the appellant.

*Daniel H. Grady,* for the respondent.

MARSHALL, J. The questions presented by appellant's counsel for consideration, with supporting authorities, come down to this proposition: Did the parties to the arbitration agreement stipulate therein that the judgment against appellant should be discharged regardless of the decision of the arbitrators, the indebtedness evidenced thereby to be submitted to them and so far as valid to be merged into the award? Counsel for appellant contends for the affirmative. If that view be right and appellant's conduct in respect to the award has not so soiled his hands as to preclude his appealing with favor to a court of conscience, the complaint states a good cause of action to prevent the inequitable use of a judgment, under the doctrine of *Johnson v. Huber,* 106 Wis. 282, 284, 82 N. W. 137, and similar cases, and the answer does not state a good defense thereto.

That the submission of the subject-matter of a pending suit, or one that has ripened into a judgment which is still the subject of contest upon appeal or otherwise, to arbitrators to determine what should justly be rendered to the judgment creditor on account thereof, nothing appearing in the

submission to the contrary, *ipso facto* displaces such pending · litigation or judgment, is elementary. That result is not effected by mere operation of law upon the fact of submission, but by the terms of the agreement itself. That is to say, such an agreement is supposed to include a stipulation that it shall have that effect. *Dolph v. Clemens,* 4 Wis. 181, 185; *Sohns v. Sloteman,* 85 Wis. 113, 116, 55 N. W. 158; *Bigelow v. Goss,* 5 Wis. 421, 423; *Grosvenor v. Hunt,* 11 How. Pr. 355; *Van Slyke v. Lettice,* 6 Hill, 610; Boyce, Ref. & Arb. 289. It will be observed by an examination of those authorities that whether in a case like the one before us the submission to arbitrators works a discharge of the judgment or constitutes an enforceable agreement to discharge it, depends upon the terms of the agreement. Where the subject-matter of the suit closed by a judgment is subsequently submitted to arbitrators and nothing is said in the agreement to the contrary, it is, as before indicated, presumed that a complete displacement of the judgment was intended, the understanding being that the award shall take its place; but where the agreement clearly shows that legal proceedings are only to be stayed pending the arbitration, or that the judgment already rendered shall abide the decision of the arbitrators, it is to be given that effect only. *Sohns v. Sloteman, supra;* Boyce, Ref. & Arb. 155. In *Grosvenor v. Hunt, supra,* the subject-matter of an action which had ripened into judgment from which an appeal had been taken, was submitted generally to arbitrators, nothing being said about the effect thereof upon the judgment or appeal. The agreement was construed to contain a stipulation for a dismissal of the appeal and a discharge of the judgment. In *Miller v. Van Anken,* 1 Wend. 516, in a situation such as last described, the subject-matter of the litigation was submitted to arbitrators with an express agreement for a dismissal of the appeal, and it was held that the judgment remained in force subject to the action of the arbitrators. In *Van Slyke v. Lettice, supra,* in a similar situ-

ation, the agreement to arbitrate contained a stipulation that "all further proceedings in the suit are hereby stayed and ended," and it was held that the parties intended that the judgment creditor should look solely to the award of the arbitrators for relief.

It is a significant feature of the agreement before us that the subject-matter closed by the judgment was not expressly, and perhaps not at all, submitted to the arbitrators. The indications are that the rights of the parties, independently of errors going to the validity of the judgment, were not in controversy, and that such validity, not the subject-matter upon which the judgment was based, was the matter in dispute. That is, that the subject-matter of the proceedings challenging the legality of the judgment, not the subject-matter of the respondent's claim closed by the judgment, was submitted to the arbitrators. In that view it seems quite clear that the parties agreed that the judgment itself should abide the decision of the arbitrators as to its validity, and should be discharged upon performance by the judgment debtor of the commands of the arbitrators as to him. The agreement will reasonably bear that construction. Not only does it show that the validity only of the judgment was submitted to the arbitrators, but the clause of the agreement in respect to a discharge thereof follows the clause providing for performance by the appellant of the award of the arbitrators, as if performance were to precede the discharge. That is in perfect harmony with the idea that the validity, as distinguished from the subject-matter, of the judgment, was submitted to the arbitrators. That the parties themselves so treated the agreement is evidenced by the fact that they joined in fully presenting their matters of difference to the arbitrators, leaving the judgment undisturbed. That the arbitrators so treated the agreement is evidenced by the fact that they in effect held that the judgment was valid and provided that it should be discharged upon appellant's paying respondent a

sum of money named by them. In short, the contract fairly admits of a construction that the judgment should abide the award of the arbitrators. It was apparently so construed by the parties themselves and by their chosen triers. That practical construction, under familiar rules, may well be deemed sufficient to incline the court to the same view, since it is perfectly reasonable and equitable. The construction to be put upon an ambiguous contract may properly be and is often ruled by the meaning the parties thereto, in the execution thereof, attributed to the same. *Sigerson v. Cushing,* 14 Wis. 527; *Nilson v. Morse,* 52 Wis. 240, 9 N. W. 1. It is rightly said that "such rule is founded upon manifestly just principles." *Janesville Cotton Mills v. Ford,* 82 Wis. 416, 430, 52 N. W. 764; *Hosmer v. McDonald,* 80 Wis. 54, 49 N. W. 112; *District of Columbia v. Gallaher,* 124 U. S. 505, 8 Sup. Ct. 585; *Topliff v. Topliff,* 122 U. S. 121, 7 Sup. Ct. 1057.

Our conclusion is that the parties to the arbitration contract agreed therein that the judgment against appellant should abide the decision of the arbitrators and be discharged upon his paying thereon the amount ordered by them. That being the case, manifestly appellant has no standing in a court of equity to enjoin the enforcement of the judgment, so long as he is in default in regard to carrying out the award made against him. Equitably, at least, the judgment should stand as security for the amount of the award, and be enforcible to that extent.

*By the Court.*—The order is affirmed.

SIEBECKER, J., took no part.