ROYAL INDEMNITY COMPANY, Appellant, vs. SANGOR and. others, imp., Respondents.

*October 3—October 23, 1917.*

*Conspiracy: Judgment obtained by fraud: Payment before discovery of facts: Remedies: Action at law or in equity? Recovery of damages: Relief against judgment not necessary.*

1. A complaint alleging in substance that, pursuant to a conspiracy among the defendants, the plaintiff indemnity company was. induced by false representations to execute surety bonds for an. irresponsible contractor, who thereafter defaulted; that in an action brought on the bonds said company consented, by reason of such false representations and conspiracy and in ignorance· of the facts, to the entry of a judgment against it; and that it did not discover the facts as to such fraud until after it had paid such judgment,—is *held* to state a good cause of action for the· recovery of damages.

2. The action in such case is one at law, in which the issues are triable by jury, the only relief obtainable or appropriate being a. money judgment for damages, and the former judgment being allowed to remain of record untouched.   The legal remedy being. adequate, a resort to equity is unnecessary.

3. Sec. 2832, Stats., providing for relief from a judgment, is not applicable to the case stated, the purpose of said section not being to provide a means for recovering damages against conspirators for a successful fraud.

·APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Reversed.*

This is an appeal from an order sustaining a general demurrer to the complaint, the substance of which complaint is as follows: The plaintiff is an insurance company which underwrites surety and casualty risks.   Certain of the defendants,. owning city lots in Milwaukee on which they proposed to erect buildings which would cost as projected more· than $30,000, arranged with one of the defendants, who was. a building contractor known to be irresponsible and insolvent, that he should contract to build the same for $20,000, and agreed that they would obtain from the plaintiff surety bonds.

of $20,000 insuring the performance of such contract by falsely representing to plaintiff's agent that the contractor was financially responsible and concealing the facts as to the actual cost of the building and the secret agreement with the contractor; that the contractor should proceed to construct the buildings as far as his means would permit and then abandon his contract and the owners would thereupon enforce said surety bonds and collect their damages of the insurance company, and pay the contractor one half the profits derived from the arrangement; that this fraudulent scheme was fully carried out; that the plaintiff was thus fraudulently induced to execute surety undertakings in the sum of $20,000; that the contractor defaulted; that as the result of an action thereafter brought by the owners upon the said surety bonds, the plaintiff, by reason of said false representations and conspiracy and in ignorance of the real facts, consented that judgment for $5,500 be taken against it, paid said judgment, and did not discover the facts as to said fraud until after such payment. Upon these facts the plaintiff asks for vacation of the judgment and to recover its damages.

*Paul D. Durant* of Milwaukee, for the appellant.

For the respondents there was a brief by *A. W. Richter,* and oral argument by *Mr. Richter* and *Mr. B. W. Sangor,* both of Milwaukee.

WINSLOW, C. J. The fraudulent scheme set forth in the complaint is quite remarkable, but by no means incredible. If it can be proven by that quantum of clear, convincing, and satisfactory evidence which the law requires in such cases (*Boring v. Ott,* 138 Wis. 260, 119 N. W. 865), it would be a reproach to the law if the wrong inflicted by it could not be redressed.

The respondents claim that there can be no recovery because the former judgment in the action on the bonds is *res adjudicata* of all questions set out in the complaint herein and

that such judgment cannot be set aside or even attacked in the present action.

The doctrine of the conclusive effect of a judgment upon all questions litigated or involved in the action is very well understood and needs no discussion here. Equally familiar is the general rule that money paid under a judgment rendered by a court having jurisdiction cannot be recovered back simply because it is afterwards discovered that it was not due. Were the rule otherwise, litigation and relitigation of the same questions would have no end. But neither of these principles controls here. The facts alleged present an elaborate and successful scheme to defraud the plaintiff, not a mere showing that there has been money paid which was not really due.

If this scheme had proceeded only so far as the judgment and had been discovered before payment of the money, there would have been no question under our decisions of the power and duty of the court to halt it and coerce the conspirators by forbidding them to utilize their ill-gotten judgment. *Stowell v. Eldred,* 26 Wis. 504; *Balch v. Beach,* 119 Wis. 77, 95 N. W. 132; *Boring v. Ott,* 138 Wis. 260, 119 N. W. 865; *Laun v. Kipp,* 155 Wis. 347, 145 N. W. 183. In all these cases the judgment existed just as here, and it was allowed to remain untouched, but the parties obtaining it were prevented from using it. It is said that this is as far as a court of justice can go, and that when the judgment has been paid, though paid in ignorance of the fraud, the court's power of redressing the wrong *ipso facto* ceases. The argument does not appeal to the mind seeking to make the courts what they were intended to be, namely, a place for the doing of justice rather than a place for applying the rules of a game. It seems to offer a prize to the most able rogue; it says to the wrongdoer, if you can successfully conceal your fraud until you have obtained the money the law will view the matter with complacency, but if you are so unskilful that you can-

not keep your scheme dark until the judgment has been collected the law will step in.

No good reason is perceived why any such distinction should be drawn. The judgment is just as much *res adjudicata* in one case as the other. If in the cases above cited justice could be done by simply coercing the party, there is no logical reason why justice cannot be done by coercing the parties in such a case as is here alleged, the judgment in both cases being allowed to remain of record untouched.

One might enter upon an extended discussion here of the powers of a court of equity, the functions and limitations of the bill of review, and the artificial rules which abounded prior to and even since the adoption of the Code, but it would serve no good purpose. Much of this lore is now of interest only to the historian or the seeker after legal curios.

Our Code gives an action for "the redress . . . of a wrong." Sec. 2595, Stats. 1915.

If the allegations of the complaint be true, a great wrong has been committed here. The provisions of sec. 2832, Stats. 1915, have no application. It is not meant by this that the mere presence of fraud will prevent the obtaining of relief under that section provided the conditions named in the section be present, but merely that the purpose of that section is to afford relief from the effect of mistakes, accidents, and inadvertences, and not to provide a means of recovering damages against conspirators, for a successful fraud. A civil action against the conspirators is therefore the remedy under the Code. Whether that action be an action in equity or an action at law is of no importance under the present practice, except for the fact that the state constitution (sec. 5, art. I) guarantees to a litigant the right to a jury trial in all cases "at law," hence it is necessary to determine whether the present action be an action at law or in equity in order to determine the proper method of trial.

In our judgment it is clearly an action at law. The only

relief obtainable or appropriate is a money judgment for damages. This is the characteristic judgment in an action at law.

Hence it follows necessarily that an action at law furnishes complete and adequate relief, and when that is the case there is no excuse for resorting to equity, because the equitable action only lies when there is no adequate remedy at law. This is fundamental.

*By the Court.*—Order reversed, and action remanded with directions to overrule the demurrers to the complaint.