ADA ENTERPRISES, INC., Respondent, v. THOMPSON and wife, Appellants.

*November 25, 1964—January 8, 1965.*

[6] (1951), 258 Wis. 526, 531, 46 N. W. (2d) 852.

270

For the appellants there was a brief and oral argument by *Herbert A. Eggie* of Milwaukee.

For the respondent there was a brief and oral argument by *Fred L. Luehring* of Milwaukee.

FAIRCHILD, J. This is an action by a judgment debtor to restrain the judgment creditors from enforcing the latters' judgment, rendered in an earlier action in the same court. There is no claim that the judgment was obtained by fraud or that there were any other circumstances surrounding the earlier action which made the judgment unconscionable at the time it was entered. Instead, the judgment debtor has alleged that its own acts, performed after the entry of judgment, have repaired the injury for which the judgment required it to compensate the judgment creditors and have thus rendered enforcement of the judgment unconscionable.

The judgment creditors assert that the court lacks jurisdiction of the subject matter of the action.

It is well settled in Wisconsin that a court with equity powers has jurisdiction of an independent action by a judgment debtor or other person affected to enjoin the judgment creditor from enforcing his judgment where the judgment was obtained by certain types of fraud or under certain other circumstances which are deemed to have made the judgment unconscionable when rendered.[1]

---

[1] *Stowell v. Eldred* (1870), 26 Wis. 504; *Hooper v. Smith* (1889), 74 Wis. 530, 43 N. W. 556; *Crowns v. Forest Land Co.* (1899), 102 Wis. 97, 78 N. W. 433; *Balch v. Beach* (1903), 119 Wis. 77, 95 N. W. 132; *Laun v. Kipp* (1914), 155 Wis. 347, 145 N. W. 183; *Zohrlaut v. Mengelberg* (1914), 158 Wis. 392, 148

It is, however, the general rule in this state that a court should decline to exercise jurisdiction of an independent action to restrain enforcement of a judgment, rendered in another action in the same or a different court, where it is claimed that the manner of contemplated enforcement is improper or that enforcement will be inequitable because of circumstances arising after the judgment. The appropriate remedy in such case is an application after judgment in the action in which the judgment was rendered.[2]

Not all past pronouncements on the subject have been consistent. It has been said, however, that a court of equity does not lack power to entertain the independent action, but that the rule has become so firmly settled that it is regarded

N. W. 314, 149 N. W. 280; *Washburn Land Co. v. White River Lumber Co.* (1917), 165 Wis. 112, 161 N. W. 547; *Royal Indemnity Co. v. Sangor* (1917), 166 Wis. 148, 164 N. W. 821; *Kiel v. Scott & Williams* (1925), 186 Wis. 415, 202 N. W. 672; *Reilly v. Andro* (1927), 191 Wis. 597, 211 N. W. 780; *Grady v. Meyer* (1931), 205 Wis. 147, 236 N. W. 569; *Lau v. Harder* (1936), 223 Wis. 208, 270 N. W. 341; *Nehring v. Niemerowicz* (1937), 226 Wis. 285, 276 N. W. 325; *Amberg v. Deaton* (1937), 223 Wis. 653, 271 N. W. 396; *Herman v. Kennard Buick Co.* (1958), 5 Wis. (2d) 480, 93 N. W. (2d) 340.

[2] *Jackson Milling Co. v. Scott* (1907), 130 Wis. 267, 110 N. W. 184; *Laun v. Kipp, supra,* footnote 1; *Libby v. Central Wisconsin Trust Co.* (1924), 182 Wis. 599, 197 N. W. 206. See, also, *Parish v. Marvin* (1862), 15 Wis. 271 (* 247) ; *Cooley v. Gregory* (1862), 16 Wis. 322 (* 303) ; *Endter v. Lennon* (1879), 46 Wis. 299, 50 N. W. 194; *Irvin v. Smith* (1886), 66 Wis. 113, 27 N. W. 35, 28 N. W. 351; *Orient Ins. Co. v. Sloan* (1888), 70 Wis. 611, 36 N. W. 388; *Coon v. Seymour* (1888), 71 Wis. 340, 37 N. W. 243; *Cardinal v. Eau Claire Lumber Co.* (1890), 75 Wis. 404, 44 N. W. 761; *Stein v. Benedict* (1892), 83 Wis. 603, 53 N. W. 891; *Gaynor v. Blewett* (1893), 85 Wis. 155, 55 N. W. 169; *Pleshek v. McDonell* (1907), 130 Wis. 445, 110 N. W. 269; *Yates v. Yates* (1914), 157 Wis. 219, 147 N. W. 60. The contrary result was reached in *Johnson v. Huber* (1900), 106 Wis. 282, 82 N. W. 137, and *Jones v. Thomas* (1904), 120 Wis. 274, 97 N. W. 950.

Sec. 270.90, Stats., expressly provides that the trial court may enter an order declaring a judgment satisfied where it has been paid but not satisfied of record.

as "jurisdictional error" to do so.[3] If the court were to entertain the action, its judgment therein would not be void.[4] The court "has no jurisdiction in the sense that it ought not to entertain jurisdiction. . . ."[5]

In one case this court concluded that the defendant in an independent action had waived any impropriety by failure to make timely objection, thus recognizing that the court did not lack jurisdiction.[6]

As long ago as 1907, this court recognized the logical difficulty in a rule that the court which rendered the judgment must not give in an independent action the same relief it could give upon application in the action in which the judgment was rendered, but felt that precedent required adherence to the rule.[7] Although the difficulty is still apparent, it does seem more orderly to say that if circumstances arising after judgment require what is, in effect, a modification of the judgment, the proceeding should be a continuation of the action in which the judgment was rendered.

In the instant case it clearly appears on the face of the complaint that the judgment debtor is claiming inequity in enforcement of a judgment rendered in a different action by reason of circumstances arising after judgment. Under the rule above referred to the circuit court should have declined jurisdiction and dismissed the complaint. Had it done so, Ada would have been free to apply for relief in the earlier action if it saw fit.

The circuit court, however, examined the sufficiency of the complaint upon the merits. The parties have argued the

[3] *Jackson Milling Co. v. Scott, supra,* page 273, footnote 2; *Laun v. Kipp, supra,* page 366, footnote 1.

[4] *Jackson Milling Co. v. Scott, supra,* page 274, footnote 2.

[5] *Libby v. Central Wisconsin Trust Co., supra,* page 604, footnote 2.

[6] *Johnson v. Huber* (1900), 106 Wis. 282, 284, 82 N. W. 137. See *Jones v. Thomas, supra,* page 277, footnote 2.

[7] *Jackson Milling Co. v. Scott, supra,* page 272, footnote 2.

merits before us, as well as the jurisdictional point. We are convinced that the allegations of the complaint, liberally construed, would not entitle Ada to relief even if presented in the appropriate form. The complaint appears to have been carefully drafted, and there is nothing to suggest that additional material and helpful facts could be added if Ada were now to present the matter by petition in the earlier action. As above noted, the court has power to act herein, notwithstanding the rule that it ought to decline to act. It would be wasteful at this point if we did not decide the merits, but merely ordered dismissal under the rule referred to. We therefore deem it appropriate to decide the merits.

*Consideration of the merits of the complaint.*

Clearly the judgment has not been satisfied.

"As a general rule, a judgment for the payment of money can be satisfied only in money, unless the judgment provides for, or the owner of the judgment agrees to, some other mode of payment.

"Except where a judgment by its own terms provides otherwise, a judgment for the payment of money can be satisfied only in money, unless the owner of the judgment chooses to accept property, securities, or some other thing of value, . . .

"In order that the acceptance of something other than money may operate as a satisfaction, there must be a positive and express agreement to accept the substitute for direct payment of the judgment. . . ." [8]

"The judgment itself may, under proper circumstances, provide for the medium in which it is to be paid. But, subject to such a provision, it is ordinarily payable only in lawful money the same as any other legal obligations, that is, in whatever is legal tender at the time, and place where pay-

[8] 49 C. J. S., Judgments, p. 1022, 1023, sec. 552. And see 2 Black, Judgments (2d ed.), p. 1459, sec. 987; *State v. Johnson* (1912), 132 La. 11, 60 So. 702; *Rochelle v. Rochelle* (1938), 235 Ala. 526, 179 So. 825.

ment is made, unless plaintiff authorizes or accepts payment in some other medium or manner." [9]

We view the alleged acts of Ada as an attempt unilaterally to substitute performance of its choice for the fulfilment of the judgment. The issues between Ada and the Thompsons arising out of the excavation along the property line were litigated and resolved by a judgment that Ada must pay money. Had Ada previously made an adequate repair, as it now claims to have done, the action, if brought at all, would have produced a different judgment. Ada's attempt to force acceptance of a different requital for its wrong, notwithstanding the judgment, is, in essence, an attempt to reopen and to relitigate the controversy.

There is an allegation that if the judgment be collected, an unjust enrichment will occur. It may well be true that if the new embankment adequately protects the Thompson property, collection of the judgment may constitute a windfall to some extent. But judicial policy is and should be so strongly against continuing the litigation of controversies once adjudicated that Ada should not now be permitted to seek, in effect, a reopening or modification of the judgment by litigating the adequacy of the repair or the extent of the windfall Ada's own acts may have conferred on the Thompsons.

We take note of the allegation that the Thompsons knew of the construction of the new embankment and did not object. It is also alleged that the new embankment is located entirely on Ada's property. The mere lack of objection under these circumstances is insufficient to constitute an acceptance of the construction of the embankment in satisfaction of the judgment. Neither, in our opinion, did it amount to conduct on the part of the Thompsons which would render

---

[9] 2 Freeman, Judgments (5th ed.), p. 2325, sec. 1116.

their collection of the judgment inequitable or unconscionable on any other theory.

*By the Court.*—Order reversed, cause remanded with directions to sustain the general demurrer and enter judgment dismissing the complaint upon the merits, with costs.