KRAMER, Respondent, v. BOHLMAN and others, Appellants.

*April 12—May 9, 1967.*

For the appellants there were briefs by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *J. Robert Kaftan*.

For the respondent there was a brief by *Lloyd A. Schneider* of McFarland, and *Frederick F. Hillyer* of Madison, and oral argument by *Mr. Hillyer*.

CURRIE, C. J.   A review of the decisions of this court reveals that it has never been squarely determined whether a party seeking modification of a stipulation upon which a judgment or judgments are based may initiate an independent action in equity to obtain such relief. The case is therefore one of first impression.

Sec. 269.46 (1), Stats., insofar as it is relevant to the case at bar provides:

"(1) The court may, upon notice and just terms, at any time within one year after notice thereof, *relieve* a party from a judgment, order, stipulation or other proceeding . . . ." (Italics supplied.)

We have no hesitancy in holding that an attempt to reform a settlement stipulation upon which a judgment has been entered is embraced within the statutory word "relieve." [1]  Thus the crucial question is whether the statutory remedy afforded plaintiff by sec. 269.46 (1), Stats., is plaintiff's exclusive remedy to accomplish a reformation of the stipulation. We determine that it is.

From the record it appears that plaintiff had complete knowledge of the facts upon which he now relies approximately six months after the stipulation and judgments were entered. Nevertheless, by commencing the instant action approximately nine months after entry of the same he chose not to avail himself of his legal remedy, which was to proceed in the original actions pursuant to sec. 269.46 (1), Stats.

In *Ada Enterprises, Inc., v. Thompson* [2] this court indicated that the proper procedure to follow to modify a judgment is to proceed in the original action in which the judgment was entered and that an independent action for such purpose should be dismissed by the trial court. The opinion stated:

"It is . . . the general rule in this state that a court should decline to exercise jurisdiction of an independent action to restrain enforcement of a judgment, rendered in another action in the same or a different court, where it is claimed that the manner of contemplated enforcement

---

[1] That reformation is relief, see *Baldwin v. National Hedge & Wire-Fence Co.* (3d Cir. 1896), 73 Fed. Rep. 574, 19 CCA 575, 39 U. S. App. 162; 3 Pomeroy, Equity Jurisprudence (5th ed.), p. 420, sec. 872; 19 Am. Jur., Equity, pp. 124, 125, sec. 124.

[2] (1965), 26 Wis. (2d) 269, 132 N. W. (2d) 244.

is improper or that enforcement will be inequitable because of circumstances arising after the judgment. The appropriate remedy in such case is an application after judgment in the action in which the judgment was rendered. . . .[3]

". . . if circumstances arising after judgment require what is, in effect, a modification of the judgment, the proceeding should be a continuation of the action in which the judgment was rendered." [4]

The same rule should apply with equal force to the modification of a stipulation upon which a judgment or judgments are based.

Reformation, which plaintiff seeks, is an equitable action.[5] One of the firmly established rules of equity is that where a court of law can do as full justice to the parties as can be done in equity, a court of equity will not interfere.[6] This rule is directed not to the want of power of a court of equity but to the inexcusable use thereof.[7] Sec. 269.46 (1), Stats., *supra*, clearly provided plaintiff with an adequate remedy at law. The statute obviously was drafted to effectuate "the policy of the law [which] is to put an end to litigation." [8]

*By the Court.*—Order reversed, and cause remanded with directions to enter summary judgment dismissing the action.

WILKIE, J., took no part.

---

[3] Id. at page 273.

[4] Id. at page 274.

[5] *Krause v. Hartwig* (1961), 14 Wis. (2d) 281, 284, 111 N. W. (2d) 138; *Becker v. First Wisconsin Trust Co.* (1957), 274 Wis. 404, 411, 80 N. W. (2d) 440; *Langer v. Stegerwald Lumber Co.* (1952), 262 Wis. 383, 391, 55 N. W. (2d) 389, 56 N. W. (2d) 512.

[6] 1 Pomeroy, Equity Jurisprudence (5th ed.), p. 367, sec. 217; 27 Am. Jur. (2d), Equity, pp. 607, 608, sec. 86.

[7] *Laun v. Kipp* (1914), 155 Wis. 347, 145 N. W. 183, 5 A. L. R. 655.

[8] *Crowns v. Forest Land Co.* (1899), 102 Wis. 97, 100, 78 N. W. 433.