ANDERSON, Appellant, v. ANDERSON, Respondent.

*No. 141. Submitted March 29, 1973.—Decided April 20, 1973.*
(Also reported in 206 N. W. 2d 211.)

For the appellant the cause was submitted on the brief of *William H. Bowman* of Milwaukee.

For the respondent the cause was submitted on the brief of *William A. Ketterer* of Milwaukee.

PER CURIAM. The principal issue in this case is the value of the mobile home park. The park was appraised by a Milwaukee area realtor who has extensive experience in appraisal work for court purposes. The parties stipulated that he should do the appraisal of the trailer park. The appellant, being dissatisfied with the appraisal, offered evidence attacking it at a hearing held by the trial court. This evidence did not include the testimony of a qualified expert witness. The trial court determined to accept the valuation placed upon the property by the appraiser, notwithstanding the objections of the appellant. We cannot say the trial court's determination was against the great weight and clear preponderance of the evidence.

The appellant complains of the procedure used in the portion of this action relating to the property division. Valuation maters were referred to court commissioner Donald C. Haberman as fact finder, on stipulation of the parties. Haberman took testimony, considered the appraiser's report, and filed his own report with the court. The court thereupon held a hearing to determine whether Haberman's report should be accepted, and it was at this hearing that the appellant offered evidence to challenge the valuation made by the appraiser. The appellant now claims, in the face of her stipulation, that the procedure employed violated sec. 270.34, Stats.

Sec. 270.34, Stats., was not applicable to the procedure in this case, because Haberman was appointed as a fact finder, not a referee. Under sec. 270.35, after the referee has held his trial he files a report with the court. The court may then enter judgment upon it, set it aside, or alter or modify the report. There is no provision in sec. 270.35 authorizing the trial court to take additional testimony. It is clear that court commissioner Haberman

was not being utilized as a referee in this case. Therefore, sec. 270.34 is not applicable. We see nothing wrong with the procedure employed by the trial court, since it was done by stipulation of the parties.

Appellant has filed a motion for discretionary reversal under sec. 251.09, Stats. In support of her motion she has attached a certified copy of the inventory in the estate of the deceased father of the respondent. In that inventory, which was filed on January 22, 1973, a one-quarter interest of the deceased in the mobile home park in question is valued at $30,250. This results in a full value of the mobile home park of more than double the amount at which it was appraised in the divorce proceedings. The inventory valuation, which was made by two court-appointed appraisers, and certified by them, was made as of the date of death of the deceased, which was one and one-half years prior to the valuation hearing in the instant case. The date of certification of the inventory was two months prior to the valuation hearing. Appellant's attorney has alleged in an affidavit in support of the motion that the filing of the inventory was delayed so as to conceal the probate appraisal from him.

In substance, this motion is a motion for a new trial on the grounds of newly discovered evidence. Under sec. 270.50, Stats., the motion should be addressed to the trial court and should be made within one year after the verdict or finding. However, the appellant is not without a remedy. If this evidence was fraudulently concealed, the judgment may be attacked directly in the court which rendered it. *Crowns v. Forest Land Co.* (1899), 102 Wis. 97, 78 N. W. 433. This is usually done by means of an independent action to restrain the enforcement of the judgment. *Conway v. Division of Conservation* (1971), 50 Wis. 2d 152, 183 N. W. 2d 77. However, if circumstances arising after judgment require what is, in effect, a modification of the judgment, the proceeding is a continuation of the action in which the judgment was rendered. *Ada Enterprises, Inc. v. Thompson* (1965), 26

Wis. 2d 269, 132 N. W. 2d 244. Since the appellant has an adequate remedy if she can establish the fraud she claims, there is no occasion to exercise our discretionary power to reverse in the interest of justice under sec. 251.09.

The judgment is affirmed.