NYE and others, Appellants, vs. SOCHOR, Respondent.

*December 17, 1895 — January 7, 1896.*

*Judgment: Restraining enforcement: Mistake: Forgetfulness: Fraud.*

1. The fact that defendants who had a good defense to an action at law in justice's court, after one of them, who had the matter in charge, had missed the train so that he could not be present at the trial, forgot all about the action and the necessity of taking an appeal until after the time for appealing had expired, furnishes no ground for equitable relief against the judgment therein, although such forgetfulness was caused by extensive and dangerous forest fires and the constant and unusual exertions required of defendants in fighting such fires and protecting their property.

2. In an action for conversion of personalty, where defendants did not appear at the trial, the fact that plaintiff, while testifying to their taking of the property, made no mention of a chattel mortgage under which they rightfully took it, does not warrant equitable relief against the judgment on the ground of fraud.

APPEAL from an order of the circuit court for Clark county: W. F. BAILEY, Circuit Judge. *Affirmed.*

This was an action to perpetually enjoin and restrain the collection and enforcement of a judgment rendered in favor of the defendant in this case, and against the plaintiffs, in justice's court, July 16, 1894, for $200 damages and $5.58 costs. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and the plaintiffs appealed from an order sustaining such demurrer.

It appeared very clearly from the complaint that the defendant, *Sochor*, had no cause of action against the plaintiffs, and the question was whether the complaint showed any ground for relieving them against the judgment. The action against these plaintiffs was commenced before a justice of the peace at Colby, in Clark county,— they being residents of, and doing a lumber business at, Thorp, in the same

county; and the summons was returnable July 9, 1894. On that day the parties appeared, and the plaintiff filed a complaint charging the defendants in the action with the unlawful taking and conversion of certain personal property of the plaintiff, of the value of $150, and damages in the sum of $50. The case was adjourned until July 16, 1894, but upon the latter day the defendants did not appear; and upon evidence given by the plaintiff that the defendants took away from his farm, February 16, 1894, a lumber wagon, one pair of sleds, and one pair of oxen, owned by him, worth $150, which they kept, and that he was damaged thereby $50, the judgment in question was given. On the morning of July 16th, the day when the case was to be tried, one of the defendants therein (*Lusk*) intended to go to Colby to attend the trial, "but *miscalculated the time and missed the train*, and so was unable to reach Colby, a distance of nearly thirty miles by rail, in time to defend the action." He thereupon telegraphed to the plaintiff, in the name of the defendants, and asked that the suit be adjourned, but no answer was ever received. The complaint alleges that they intended to appeal the action in case it was not adjourned, and "that from that time until the 8th day of August, 1894, they, and especially said *Lusk* (who had special charge of the case), *utterly forgot* all about said action or their duty to take the necessary steps to take an appeal to said circuit court, and they were not reminded of said action until on the 8th day of August, 1894," when an officer with an execution on said judgment came into their office and presented the same and made a levy thereunder upon their property; that thereupon "the whole matter flashed into *Lusk's* mind, and he became *conscious for the first time* since the said 16th of July that any such action was pending, and that he had *entirely forgotten* the whole matter." The twenty days for taking an appeal had already expired.

The plaintiffs in this action (defendants in the suit in jus-
tice's court) allege as ground for relief, and excuse for their
forgetfulness, that during the month of July, and up to the
middle of August, in that year, there were extensive and
dangerous forest fires raging in the vicinity of the village of
Thorp, and of the mills and lumber yards of the plaintiffs,
and also a great many dangerous forest fires generally
throughout that portion of the state, which had caused
great loss of property and lives of many persons; that they
were especially dangerous about the 16th of July, and that
they had in their employ about forty men, and their whole
business during most of the months of July and August was
fighting fire and protecting their property; that at times
they had to work until long into the night; that said *Lusk*
remained at Thorp, and, by means of telephone, kept him-
self in constant communication with the employees at their
different mills and yards; that he was president of the vil-
lage, and made unusual exertions to protect the property of
the village from fire, which required constant care and dili-
gence until about the 10th of August, and during the whole
week after the 16th of July said *Lusk* was constantly en-
gaged in efforts to protect their lumber yards; that the minds
of the said *Lusk* and of all of the plaintiffs were constantly
on the subject of their great danger and the protection of
their property; that said *Lusk*, about two years previous,
had sustained a nervous shock which had affected him at
times ever since; that these unusual conditions so occupied
the minds of the plaintiffs, especially *Lusk*, before and after
the 16th of July, as to make them forget nearly all the gen-
eral business of the firm, and were calculated to and did
produce the forgetfulness referred to (of the said *Lusk* as to
the said appeal), and the great and impending danger afore-
said so overwhelmed and controlled them as to drive from
their minds for several weeks nearly all matters of business,
except the protection of their property.

Nye and others vs. Sochor.

It appeared from the complaint that the plaintiffs took possession of the property for which the suit was brought in justice's court under a chattel mortgage against said *Sochor*, already past due, and in order to collect the amount due thereon, which the said *Sochor* had refused to pay. It was charged that the plaintiff's attorney in the justice's court received the said telegram before taking judgment, but declared that he would not further adjourn the case; that the defendant, *Sochor*, in his testimony in justice's court, fraudulently suppressed the fact that he had executed to the plaintiffs said note and chattel mortgage, and that the plaintiffs had a complete justification for the taking of the said property; and that such conduct was a fraud in the conduct of said case.

For the appellants there was a brief by *O'Neill & Marsh*, and oral argument by *James O'Neill.*

For the respondent the cause was submitted on the brief of *R. B. Salter.*

PINNEY, J. 1. It is well settled that in order to maintain an action to enjoin or set aside a judgment rendered in an action in which there was a good defense at law, known to the defendant at the time it was rendered, it must satisfactorily appear that the defendant was prevented from making his defense by fraud, mistake, accident, or surprise, unmixed with laches or negligence on his part. If he could have defended himself at law, but allowed judgment to go against him by his own neglect, he cannot have relief for a matter of which he might have availed himself at law. *Wright v. Eaton,* 7 Wis. 595; *Stowell v. Eldred,* 26 Wis. 504; *Barber v. Rukeyser,* 39 Wis. 590; *Duncan v. Lyon,* 3 Johns. Ch. 356; *Floyd v. Jayne,* 6 Johns. Ch. 479; *Kibbe v. Benson,* 17 Wall. 625. As was said by BRONSON, J., in *Norton v. Woods,* 22 Wend. 525, "Independent of all authority, it will never do to permit a party to appeal to chancery for a new trial

when he has neglected the proper opportunity and the appropriate means to make his defense at law."

It may be conceded that the allegations of the complaint show that the judgment of the justice's court was inequitable, and that the plaintiff had no cause of action against the plaintiffs in the present case; but it is impossible, and inconsistent with well-established principles, to say that the case made by the complaint affords any ground for relief. It is not sufficient to show that injustice has been done, but it must appear that it has been done under circumstances which authorize a court of equity to interfere, for " the inattention of parties in a court of law can scarcely be made a subject of interference of a court of equity." 2 Story, Eq. Jur. § 896. Equity will never interfere where a party under no disability neglects to make his defense at law. *Miller v. Morse*, 23 Mich. 368. The plaintiffs were not prevented by fraud, accident, surprise, or mistake from availing themselves of their defense to the action, unless sheer forgetfulness can be called such, within the sense of the rule,— a proposition which we think cannot be maintained. We have not been referred to any authority holding that relief can be had in equity against a judgment at law on the ground that the party against whom it was rendered simply *forgot* to appear and make his defense at the time appointed for trial, or because he forgot to appeal from the judgment within the time prescribed by law.

The plaintiffs' contention is that one of them (*Lusk*) had entire charge of their litigation, and that his forgetfulness was excused by the particular circumstances of the case, and that a prudent and careful man might make the same *mistake* that was made in this case. It does not appear that there was any erroneous mental conception on the part of *Lusk*, or either of the plaintiffs, influencing them to act or to omit to act. There was no error in action, opinion, or judgment; no misconception, misapprehension, or misunder-

standing.   Mistake differs, in the legal sense, from accident, in that it presupposes the action of the will, while in the latter case no such action is implied; but in either case, in the legal sense, it is essential to relief that the event or occurrence was not the result of personal negligence or misconduct.   It is not claimed that the circumstances were such as to deprive of memory, or mentally disable or unfit either of the plaintiffs to transact their ordinary business during the twenty days allowed for appeal.   So far as it appears, they were capable of appropriating and bestowing their time as they chose.   Failure to remember, entire forgetfulness to act as duty or interest requires, is so closely allied to laches or negligence that it is difficult, if not impossible, in a case like the present, to distinguish between them.   Indeed, "forgetfulness" is defined as negligence,— careless omission.  Cent. Dict.   The case of *Hurd v. Hall*, 12 Wis. 126, and similar cases, go upon the ground of mistake of fact.   The plaintiff *Lusk* failed to get to the station in time to take the train for the place of trial, to defend the action; and that fact, of itself, was calculated to admonish the plaintiffs of the necessity of being prompt and diligent in perfecting an appeal from the judgment which they had every reason to believe had been rendered against them that day.   They suffered the necessity of appealing to pass wholly from their minds, and "utterly forgot all about said action or their duty to take the necessary steps to take an appeal," until the 8th of August, 1894, when it was too late.   From the time the plaintiff *Lusk* missed the train until the sheriff made the levy, they had not made any inquiry, or indulged in a thought,— as the allegations of the complaint, in substance, show,— as to what had been done in the action, or whether judgment had been given against them or not.   The fact that they forgot, even under the circumstances stated, to appeal from the judgment, must be regarded as their misfortune, and not as affording any foundation for equitable relief against the judgment.

2. It was contended that there was fraud in the recovery of the judgment, because the plaintiff, as a witness in his own behalf, in testifying to the facts constituting his alleged cause of action, made no mention of the chattel mortgage and seizure of the property in question under it for nonpayment of the debt secured by it. It cannot be said that he testified falsely or did anything to impose upon or mislead the court. These facts were no part of his case, and he was under no obligation to bring forward the alleged justification of the taking and conversion of the property. If he had been interrogated on the subject, and had testified falsely, the case would have been within *Stowell v. Eldred,* 26 Wis. 507, relied on by the plaintiffs. The plaintiffs knew the facts, and it was solely their fault that they were not brought forward. The case of *Tucker v. Whittlesey,* 74 Wis. 80, is therefore not in point, and for these reasons this contention fails.

The demurrer was rightly sustained.

*By the Court.*— The order of the circuit court is affirmed.