UECKER, Appellant, vs. THIEDT, Executor, Respondent.

*September 26—October 15, 1907.*

*Judgments: Vacation: Jurisdiction: Bill of review: Divorce: Fraud in obtaining the judgment: Division of husband's estate: Equity.*

1. The only power to vacate or set aside a judgment after the term at which it is rendered, otherwise than for want of jurisdiction, is that granted and limited by sec. 2832, Stats. (1898), which must be invoked within one year after the moving party has knowledge of the judgment.

2. The power of a court of equity by a bill of review to vacate a judgment for fraud or on other than jurisdictional grounds was terminated by the adoption of the Code.

3. Where a wife obtained a judgment of divorce upon the ground of five years' voluntary separation, and it was not shown that the husband appeared in the action or that he did any act tending to induce the court to its conclusion, the fact that he induced the original separation by misrepresentations does not convict the husband of fraud inducing the rendition of the divorce judgment.

4. Fraud which can be made the basis of an attack upon a judgment of a court of record must have directly induced the rendition of the judgment, not merely have induced or brought about a condition upon the real existence of which the court acted as the basis of its decree.

5. In an action by the plaintiff wife to vacate a judgment of divorce brought more than five years after the judgment was rendered, the defendant husband having in the meantime died, it cannot be assumed that the judgment was inequitable or unfair as to division of the husband's estate when the showing was that the wife was awarded $1,500 out of the husband's

estate, worth a total of $16,000; that the parties had cohabited but for a period of about nine months; that there were no children, and that the wife had in no wise contributed to the acquisition of the husband's property.

6. Equity will not listen to an attack upon a fully perfected judicial decree without full and ample showing that it was unfair and inequitable.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

Appeal by plaintiff from order sustaining general demurrer to the complaint, which alleges that plaintiff and testator were married December 16, 1894, and lived as husband and wife until about October 1, 1895, when, having had difficulties, they entered into articles of voluntary separation, whereby $1,500 was paid by testator to the plaintiff and agreed to be in complete satisfaction of any claims by way of alimony or interest in his property, whether a divorce should or should not at any time be obtained by either from the other; that in order to induce plaintiff to enter into such agreement testator falsely and fraudulently represented that he was not worth more than the sum of $6,000, when in fact he was worth in excess of $16,000, and plaintiff entered into such agreement in reliance upon such representations; that she had no means to ascertain as to their truth or falsity; that thereafter, about October 5, 1900, plaintiff brought suit for divorce on the ground of five years' voluntary separation, still believing such representations; that in that action divorce was granted January 21, 1901, "and the division of the property in the decree of divorce was based upon the aforesaid articles;" that testator died April 25, 1906, leaving a will devising and bequeathing all his property to persons other than the plaintiff, which will was duly admitted to probate in June, 1906, and letters testamentary granted to the defendant, and that defendant now repudiates any right of the plaintiff as widow in said estate; that she did not discover the misrepresentations to be false until after an inven-

tory and appraisal were filed in said estate. She prays that the judgment of divorce be adjudged void and of no effect, and that she be adjudged to be the widow of said testator, that the will be adjudged to be void as to the plaintiff, and that the various beneficiaries thereunder be made parties defendant by proper proceedings, and that the plaintiff be adjudged to be the owner and entitled to the possession of the property of said testator as his sole heir; also for general relief.

For the appellant there was a brief by *W. C. Seefeld,* attorney, and *George Sylvester,* of counsel, and oral argument by *Mr. Sylvester.*

For the respondent there was a brief by *R. Reukema,* attorney, and *Otto A. Lemke,* of counsel, and oral argument by *Mr. Reukema.*

DODGE, J.    There are numerous grounds of insufficiency of the complaint to state a cause of action. Primarily, of course, the relief sought, namely, the vacation of the judgment of divorce so that plaintiff may be still the widow of defendant's testator, is not within the province of a court of equity under our existing Code, whereby the only power to vacate and set aside a judgment after the term at which it is rendered, otherwise than for want of jurisdiction, is that granted and limited by sec. 2832, Stats. (1898), which, by reason of that section, must be invoked within one year after the moving party has knowledge of the judgment. The old bill of review to vacate judgments for fraud or grounds other than jurisdictional ones was terminated by the adoption of our Code of Practice. *Crowns v. Forest L. Co.* 102 Wis. 97, 78 N. W. 433; *Zinc C. Co. v. First Nat. Bank,* 103 Wis. 125, 79 N. W. 229; *Johnson v. Huber,* 106 Wis. 282, 82 N. W. 137.

Apart from such difficulty, however, assuming that some form of relief other than that specifically prayed might be

within the province of a court of equity in case of a judgment obtained by fraud, we find the complaint wholly barren of any allegation of fraud on the part of the testator tending in any way to procure the entry of the judgment of divorce. That judgment proceeded upon the ground of five years' voluntary separation between the parties. There is no pretense that such separation had not existed and had not existed voluntarily, nor that it was in any wise induced by any fraud on testator's part. The presumption is irresistible and irrebuttable that the plaintiff proved to the court the fact of such voluntary separation, else her judgment could not have been obtained, and there is no allegation that testator either appeared or did any act tending to induce the court to its conclusion that such separation had been maintained. For these reasons the decree of divorce, so far as the allegations of the complaint go, is not in any wise impugned, even though the original separation between the parties had been in some manner induced by misrepresentations made by the testator some five years before, a fact which, however, is not suggested by the complaint. The utmost force of that pleading is to the effect that plaintiff was induced by testator's fraud to accept $1,500 and to agree that the same should be in full payment and satisfaction of all share of his property to which she might at any time be entitled either upon his death or in case of divorce. Such an agreement could, of course, have no binding effect upon a court in case of divorce between the parties. It might have persuasive effect, but upon rendering any such decree the court must, of course, satisfy itself as to the amount to be awarded the wife, and might try the issue of the validity of such agreement and consider any other facts affecting its force. We are not told what amount was awarded her, but merely that the award was based upon those written articles of separation. This falls far short of an assertion that the testator in any wise imposed upon the court or by fraud induced the rendition of

its judgment. The fact that the agreement was made may well have been, and doubtless was, brought to the attention of the court by the plaintiff; but in this there was no fraud, for the agreement had been made, and the court was not defrauded into a belief of any nonexistent fact. Fraud which can be made the basis of an attack upon a solemn judgment of a court of record must have directly induced the rendition of the judgment, not merely have induced or brought about a condition upon the real existence of which the court acted as the basis of its decree. Wells, Res Adj. sec. 499; Freeman, Judg. (3d ed.) § 489; *U. S. v. Throckmorton,* 98 U. S. 61, 68; *Greene v. Greene,* 2 Gray, 361; *Hamilton v. McLean,* 139 Mo. 678, 41 S. W. 224; *Pico v. Cohen,* 91 Cal. 129, 25 Pac. 970, 27 Pac. 537. We must therefore conclude that no sufficient allegation of fraudulent procurement of the decree of divorce by the testator is alleged.

Further than this, however, it is nowhere made to appear that the award of property to the plaintiff in that decree was inequitable or unfair. Even if we assume, which the complaint does not allege, that the award was merely the $1,500 which had already been paid her, and that the husband was worth a total of $16,000 not only at the time when the separation took place but at the time of the decree, we could not assume that such award was inequitable or unreasonable in view of the facts that the parties had cohabited but for a period of about nine months, that they were without children, that there is no showing that the plaintiff in any wise contributed to the acquisition of her husband's property, and that her situation may not have been so modified by the fact of marriage as to warrant any larger sum. Courts of equity will not listen to an attack upon fully perfected judicial decrees without full and ample showing that they are unfair and inequitable. *Merritt v. Baldwin,* 6 Wis. 439; *Wright v. Eaton,* 7 Wis. 595, 607; *Purcell v. Kleaver,* 98 Wis. 102, 73 N. W. 322.

For these reasons, without stopping to discuss others, we must conclude that the circuit court rightly decided that no cause of action for any relief was set forth by the complaint, and committed no error in sustaining the demurrer thereto.

*By the Court.*—Order appealed from is affirmed.