Kiel v. Scott & Williams, Inc. 186 Wis. 415.

---

Kiel and another, Appellants, vs. Scott & Williams, Inc., Respondent.

*February 12—March 10, 1925.*

*Judgment: Action to restrain enforcement: When maintainable. Degree of proof required: Laches.*

1. Under certain circumstances a court of equity may restrain the collection of a judgment by an independent action; and when the requisite facts are established, the injunction does not vacate the judgment but operates on the person and prohibits its collection when to enforce it would be unconscionable. p. 418.

2. Clear and satisfactory evidence is required to entitle a party to restrain the enforcement of a judgment; and the conduct of the debtor must be unmixed with negligence.  p. 419.
3. Where a motion to vacate a judgment in the manner authorized by sec. 2832, Stats., was never brought on for hearing, an action for an injunction to restrain its enforcement, made more than four years later, was properly denied because of laches.  p. 421.

APPEAL from an order and a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge.  *Affirmed.*

For the appellants there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Albert K. Stebbins,* of counsel, all of Milwaukee, and oral argument by *Mr. Stebbins.*

For the respondent there was a brief by *Kearney, Kearney & Koelbel* of Racine, and oral argument by *Thomas M. Kearney, Jr.*

JONES, J.    This is a consolidation of appeals from an order denying an application made by the appellants for a temporary injunction restraining the respondent from enforcing a judgment of the circuit court for Racine county and from a final judgment denying the appellants a permanent injunction.

On October 9, 1916, the appellants guaranteed payment for certain machines about to be sold by the respondent to the Racine Hosiery Company.  On February 28, 1919, a summons and complaint were served in which the present respondent was the plaintiff and the present appellants were the defendants.  The defendants in that action did not retain counsel, but within twenty days after service requested that a copy of the account on which the action was based be sent to them.  This was mailed on March 19, 1919.  After that date there were some negotiations between the defendants in that action and the attorney for the plaintiff. Some claim is made that the case was to be held open until

April 10, 1919, and that judgment should not be entered before that date. But this was denied. On March 25, 1919, a letter was written by one of the attorneys for the plaintiff in that action to the defendants, stating that it would be impossible to delay entering judgment. On the one hand it is claimed that on April 9th the defendants in that action were notified that the judgment had been entered on the preceding day. On the other hand it is claimed that no such notice was received until April 10, 1919. On that day the defendants retained attorneys in Racine for the purpose of having the judgment vacated, and on April 14, 1919, an affidavit and proposed answer were served for this purpose. This motion was never brought on for hearing by the attorneys for the appellants.

On January 21, 1921, the attorneys for the respondent served notice of a motion to dismiss the former motion, and this motion was argued on January 22, 1921. The attorney for the appellants who had this matter in charge died in the fall of 1921, and after his death another member of his firm had the matter in charge. Except that there were some informal discussions, nothing further was done until March, 1923, when a transcript of the judgment was sent to Milwaukee county and execution was issued and returned unsatisfied. Supplementary proceedings were commenced in October, 1923, after which a compromise settlement was discussed and in the office of the commissioner a stipulation was made, according to which the appellants delivered to the commissioner certain shares of stock in another corporation, and the examination was to be adjourned until November 20, 1923. At that time the appellants were to have the right to settle the judgment and have an assignment thereof, and in case it should not be paid the respondent was to have the right to sell the said stock upon execution and to proceed to satisfy the judgment in the usual manner. On the day prior to the time to which the supplementary proceedings

were adjourned, the appellants, by other attorneys, commenced the present action for the purpose of enjoining the respondent from enforcing the judgment. The action came on for trial and was dismissed.

There is no doubt that a court of equity in this state may under certain circumstances restrain the collection of a judgment by an independent action. When the requisite facts are established the injunction does not vacate the judgment attacked, but it operates on the person and prohibits the collection of the judgment when its collection would be unconscionable. Although the right to maintain actions of this character is beyond dispute, there has been much difference of opinion in this state and in other jurisdictions as to what circumstances and what kind of proof will justify a court in enjoining the collection of a judgment regularly obtained. In *Stowell v. Eldred*, 26 Wis. 504, it was said:

"The rule seems to be quite well settled that chancery will relieve against a judgment at law on the ground of its being contrary to equity, when the defendant in the judgment was ignorant of the fact in question pending the suit, or it could not have been received as a defense, or when he was prevented from availing himself of the defense by fraud or accident, or the acts of the opposite party unmixed with negligence or fault on his part."

After this case was decided there came the decision in *U. S. v. Throckmorton*, 98 U. S. 61, which has been constantly referred to as a leading case, in which much more guarded language was used and in which instances were given of the kinds of proof which are necessary to maintain such an action, such as where a party has been kept away from court by false promises of compromise, or where the defendant has been kept in ignorance of the suit by acts of the plaintiff, or where an attorney fraudulently or without authority represents a party and connives at his defeat, or corruptly sells out his client. It was held well settled that

the courts will not set aside a judgment on account of per-
jured testimony.

In other decisions of this court, later than the case of
*Stowell v. Eldred, supra,* that case was often referred to and
the subject was discussed whether the attack upon the judg-
ment in this form of action must be based on extrinsic facts,
as indicated in the *Throckmorton Case.* But in *Boring v.
Ott,* 138 Wis. 260, 119 N. W. 865, these and other cases
were reviewed, and it was held that, where an issue is deter-
mined in favor of the prevailing party solely by perjury, the
action lies when the perjury was unknown to the defeated
party and could not have been discovered by reasonable
diligence. In that case it was said: "It would seem that a
judgment thus obtained is as unconscionable as one secured
against a party by keeping him away from court or by other
corrupt means and thereby preventing a fair trial upon the
merits." The rule in this case was followed in *Laun v. Kipp,*
155 Wis. 347, 145 N. W. 183, in a decision written by
Mr. Justice MARSHALL. He had concurred in the result in
*Boring v. Ott, supra,* but in the opinion he had expressed
radically different views from those entertained by the court.
In this opinion he had elaborately reviewed the cases in
this and other jurisdictions. In the case now before us no
perjury or fraud was alleged or proven and it is difficult to
see that plaintiffs are entitled to the relief sought on any
theory.

It is true that in actions of this kind accident and mistake
as well as fraud may be the basis for relief, but we find in
this record no such evidence of accident or mistake as would
have justified the court in granting the relief sought under
the most liberal interpretation of the rule. Whatever differ-
ence of opinion may have been expressed on the interesting
subject we have discussed, the authorities are agreed that in
this kind of action there must be clear and satisfactory evi-
dence to entitle a party to relief. In *Boring v. Ott, supra,*

it was held that courts of equity should not restrain the execution of judgments except where the ground for interference is established "beyond all reasonable controversy by evidence clear, convincing, and satisfactory." In that case the complaint was held to state a cause of action. But although the trial court made findings of fact constituting fraud and perjury, they were set aside because unsupported by the required degree of proof.

There is a rule on this subject as to which the courts are all agreed. The conduct of the party seeking such relief must be "unmixed with negligence." This was the rule which was long ago adopted as to bills for review, which have been superseded by our Codes. There is ample reason why the courts should act with caution in forbidding the execution of judgments in proceedings of this kind. Although it is a favorite maxim that there is no wrong without a remedy, there is also the old maxim that one should not be twice vexed for one and the same cause. In most cases which are hotly contested the defeated party is apt to believe that he is the victim of false swearing, and if the door were easily opened for the retrial of causes for that reason, after considerable lapse of time, there would be no end of litigation between the same parties and over the same facts. It is to prevent such an evil and at the same time to afford relief from judgments within one year after notice, when relief ought to be afforded to defendants by reason of their mistake, inadvertence, surprise, or excusable neglect, that sec. 2832 of the Statutes was enacted. It is a statute which the courts construe liberally in furtherance of justice. That this statute afforded an adequate and appropriate remedy was recognized by all parties to the present litigation. The appellants were notified in writing that the entry of judgment could not be delayed. Some claim is made that the appellants were informed that the judgment would not be entered before April 10th; this claim is denied. It is un-

disputed that on that day the appellants had full knowledge that judgment had been entered on the 8th and that on April 14th proceedings were commenced by appellants' attorneys to vacate the judgment. It is unnecessary to repeat the history of the proceedings or to dwell upon the long delays of the appellants in attempting to secure relief by the mode which the statute prescribes. It is now claimed that the judgment is unwarranted and that the amount recovered is excessive. This claim is not entirely consistent with the arrangements which were made for its full payment and satisfaction in the manner above stated. But on the record before us we are not called on to inquire in this action whether the defense proposed by the appellants was meritorious or not. They waited four and one-half years before bringing this action when they had every opportunity to avail themselves of the statutory method. No claim is made that during the long interval they were overreached or deceived or defrauded in any way. Some claim is made that the neglect in bringing the motion to a hearing was that of their attorney. We cannot accept that explanation. Appellants were bankers and it is not to be presumed that they were ignorant of business methods or of their rights. Their attorneys were easy of access and no showing is made that counsel for appellants disregarded their instructions or delayed the proceedings contrary to their wishes. The trial court denied the relief prayed for in this proceeding on the ground of laches, and we see no reason for reversal of the judgment.

*By the Court.*—Judgment affirmed.