GRADY, Respondent, vs. MEYER, Appellant.

*April 10—May 12, 1931.*

150

The cause was submitted for the appellant on the brief of *Brennan, Lucas & McDonough* of Milwaukee, and for the respondent on that of *Edward J. Burke* of Milwaukee.

FAIRCHILD, J.   The circuit court order overruling the demurrer is based on the violation by defendant of sec. 101.31, Stats., which prohibits the use of the term "architect" as part of a business name or title unless the one using it has a certificate of registration, and upon the learned trial court's conclusion that the complaint stated a case for equitable intervention to prevent appellant's effort to benefit by the judgment he secured in the civil court of Milwaukee county.

The relief sought is not within the province of a court of equity to grant unless there were extrinsic fraud directly inducing the judgment.   *Uecker v. Thiedt,* 133 Wis. 148, 113 N. W. 447; *Scheer v. Ulrich,* 133 Wis. 311, 113 N. W. 661.   The judgment under attack was entered upon confession in a court of competent jurisdiction and is there-

fore supported by the same presumptions with respect to the regularity of the proceedings, the sufficiency of the pleadings and evidence, and other matters essential to its validity as a judgment in a contested action. *Wessling v. Hieb,* 180 Wis. 160, 192 N. W. 458. Had the appellant brought his suit to recover from respondent the amount of indebtedness evidenced by the note and had she failed to plead the matter now claimed as a defense, a judgment having followed in due course, it would seem quite clear that respondent would be without right to relief in equity because of her own fault or negligence unless prevented from availing herself of this defense by the fraud of her adversary.

The complaint is barren of any allegation of fraud on the part of the appellant in any way to procure the entry of the judgment. In *Uecker v. Thiedt, supra,* Mr. Justice DODGE said: "Fraud which can be made the basis of an attack upon a solemn judgment of a court of record. must have directly induced the rendition of the judgment, not merely have induced or brought about a condition upon the real existence of which the court acted as the basis of its decree." Respondent was not a party to the suit begun by appellant in the circuit court, but she knew of its existence and of the matters there in issue. She knew the appellant was endeavoring to collect from her husband and others for services rendered in connection with the construction of the building and she also knew that he had entered judgment in the civil court on the note she had given him. The note was evidently given some time in 1926. Judgment and the subsequent proceedings thereon occurred in the years 1927 and 1928.

The rule is also well settled that equity will not relieve against a judgment at law on the ground of its being contrary to equity under circumstances where it appears there has been negligence or fault on the part of a defendant. *Stowell v. Eldred,* 26 Wis. 504, 507; *Crowns v. Forest L. Co.* 102 Wis. 97, 78 N. W. 433; *Nye v. Sochor,* 92 Wis.

40, 65 N. W. 854; *Boring v. Ott,* 138 Wis. 260, 119 N. W. 865.

The complaint shows that the respondent within a short time after the entry of the judgment in March, 1927, was informed of its existence, and it appears that in her effort to have the default set aside she offered the court an answer in which she alleges that the appellant began an action in the circuit court to recover for services rendered by him in and about the construction of a building in the city of Cudahy and that her liability upon the note depended upon or was affected by the issues in the case in the circuit court. She admitted the giving of the note authorizing the judgment to be entered upon confession.

The statutes gave the respondent time after notice in which to seek relief from a judgment against her, and it was under this statute that the respondent sought at first to vacate the judgment. The principal defense upon which she now relies was not suggested. She says in her present complaint that she did not learn of the fact that appellant was not a licensed architect until March, 1929. The reasons for the rule limiting the instances where equity will interfere with judgments at law do not call for a ruling here favorable to respondent. Fraud in making the agreement, or fraud in inducing her to give her note if any existed, is not sufficient to warrant restraining the judgment if in fact there was this note and confession because of the existence of which the court rendered the judgment. For a year at least the respondent knew the appellant had this judgment, and although not interfered with in any way by appellant she failed to acquaint herself with this particular defense now urged. She is within the doctrine of the case of *Nye v. Sochor,* 92 Wis. 40, 65 N. W. 854, where in an action for conversion, defendant not appearing at the trial, the fact that plaintiff while testifying to the taking of the property made no mention of a chattel mortgage under which the defendants rightfully took it did not war-

rant equitable relief against the judgment on the ground of fraud. Mr. Justice PINNEY, writing for the court, said:

"It was contended that there was fraud in the recovery of the judgment, because the plaintiff, as a witness in his own behalf, in testifying to the facts constituting his alleged cause of action, made no mention of the chattel mortgage and seizure of the property in question under it for non-payment of the debt secured by it. It cannot be said that he testified falsely or did anything to impose upon or mislead the court. These facts were no part of his case, and he was under no obligation to bring forward the alleged justification of the taking and conversion of the property. If he had been interrogated on the subject and had testified falsely, the case would have been within *Stowell v. Eldred*, 26 Wis. 507, relied on by the plaintiffs. The plaintiffs knew the facts, and it was solely their fault that they were not brought forward. The case of *Tucker v. Whittlesey*, 74 Wis. 80, 41 N. W. 535, is therefore not in point, and for these reasons this contention fails. The demurrer was rightly sustained."

When it had been made to appear that the judgment note existed, that it was delivered to the appellant by the respondent, the civil court properly entered the judgment. The respondent failing to guard her rights by failing to discover her defense to the action from the time of the giving of the note up to the time when a year after notice of the entry of the judgment had expired, may be fairly said to have been at fault and negligent. The judgment was properly entered and no fraud practiced upon the court to induce its entry. The respondent was not prevented in any way by the appellant from making any investigation or interposing her defense, and all these things appearing in the complaint as drawn and augmented by the stipulation, the demurrer should have been sustained.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.