AMBERG and another, Trustees, Appellants, vs. DEATON and another, Respondents.

*January 12—February 9, 1937.*

654

656

For the appellants there was a brief by *Niven & Mullaney* of Milwaukee, and oral argument by *John M. Niven.*

For the respondent Deaton there was a brief by *E. J. Herte,* and oral argument by *M. W. Hillis,* both of Milwaukee.

A brief was also filed by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, as *amicus curiæ.*

WICKHEM, J.   This case presents two principal questions : (1) Does the complaint allege a type of fraud which warrants a court of equity in enjoining enforcement of a judgment?   (2) Does the fact that the basis of this judgment is an award by the industrial commission, which is not subject to being set aside upon review for fraud of the applicant, affect the jurisdiction of a court of equity to enjoin its enforcement?  The complaint presents a case of intrinsic rather than extrinsic fraud; that is to say, the alleged fraud consists of wilful perjury by the applicant.   The weight of authority is to the effect that the fraud in obtaining a judgment must be extrinsic in character to warrant equitable interference

with the judgment. The Wisconsin rule, however, is that intrinsic fraud is sufficient under certain circumstances to warrant the intervention of a court of equity. In *Boring v. Ott,* 138 Wis. 260, 119 N. W. 865, it was held that equity will restrain the enforcement of a judgment obtained by fraud and perjury. This rule was reaffirmed in *Laun v. Kipp,* 155 Wis. 347, 145 N. W. 183, in which this court said:

"The precedents in our own court go only to the extent of holding that a judgment, secured by wilful perjury, may, under some circumstances, be relieved against in equity. But that must not be considered as establishing an exclusive situation as to where fraud intrinsic may be so dealt with. The real principle of the adjudications is that the power of equity to relieve against unconscionable judgments will not be strictly confined to such as are characterized by fraud extrinsic. . . .

"So the vital question to be determined in such a case as this, is not, merely, whether the judgment was secured by fraud, extrinsic, without inexcusable fault of the aggrieved party, but was it secured by fraud without such fault, and are the circumstances so serious that the doors of equity ought not to open to afford relief?"

See also *Schulteis v. Trade Press Pub. Co.* 191 Wis. 164, 210 N. W. 419; *Federal Life Ins. Co. v. Thayer,* 222 Wis. 658, 269 N. W. 547; 11 Minnesota Law Review, 567; 12 Cornell Law Quarterly, 385.

In *Laun v. Kipp, supra,* the rule in *Uecker v. Thiedt,* 133 Wis. 148, 113 N. W. 447, and *Scheer v. Ulrich,* 133 Wis. 311, 113 N. W. 661, which appears to have limited the rule to extrinsic fraud, was expressly overruled. In *Grady v. Meyer,* 205 Wis. 147, 236 N. W. 569, there is a statement in the opinion to the effect that relief may not be had in a court of equity unless there is extrinsic fraud directly inducing the judgment. The opinion cites the *Uecker* and *Scheer Cases,* evidently overlooking the fact that they had been overruled

by *Laun v. Kipp*. It must be taken as established in Wisconsin that the mere fact that the fraud alleged consists of wilful perjury is not enough to defeat an action seeking to enjoin enforcement of a judgment so obtained. It is equally clear that the cases require a very plain and explicit showing of wilful perjury and that nothing short of this will suffice. The existence of wilful perjury must be established by the same degree of proof that applies generally to the proof of criminal acts in civil cases; plaintiff must also prove that he was not guilty of negligence in failing to make timely discovery of the perjury, and that he has exhausted his legal remedies. As to the exhaustion of legal remedies, there can be no question here. The information came to plaintiffs after the commission had lost jurisdiction over its award under the doctrine of *Wacho Mfg. Co. v. Industrial Comm., ante,* p. 312, 270 N. W. 63, and attempts to review the judgment were duly made by an action in the circuit court for Dane county to review the award and an appeal to this court from an adverse ruling. There is a general allegation that plaintiffs had exercised reasonable care to ascertain the true facts before the commission hearing and that they were unable to. This is a sufficient allegation upon demurrer that plaintiffs were not at fault in any respect. There is an allegation of wilful perjury, and the facts as detailed support that conclusion. Thus, we conclude that the complaint states a cause of action for an injunction against the enforcement of this judgment, unless the fact that the foundation of the judgment is an award by the industrial commission under the compensation act compels a different conclusion.

It is contended by the defendants that liability under the Workmen's Compensation Act is entirely created by statute, and that the only jurisdiction that this court has over an award is the review provided by statute, and that the review does not include as a ground for setting aside an award any

form of fraud practiced by the applicant upon the commission. *Buehler Bros. v. Industrial Comm.* 220 Wis. 371, 265 N. W. 227. On the other hand, plaintiffs contend that the control by the court over its own judgments is a power constitutionally conferred and not subject to being taken away by statute; that it should make no difference what underlies the judgment if in fact it was obtained by fraud practiced upon the tribunal charged with the duty of finding the facts; that the gist of the matter is that a judgment has been entered in the circuit court which is based upon an award obtained through wilful perjury; and that no court should permit the enforcement of such a judgment.

While the matter is not free from difficulty, we are of the view that defendants' contention cannot be sustained. The power of a court of equity to enjoin enforcement of a judgment has nothing to do with its jurisdiction to review the proceedings upon which it is based. Nor does the intervention of a court of equity to enjoin a judgment founded upon an award of the commission constitute or have anything to do with a review of the award. Neither the award nor judgment are affected by such intervention, nor is there any more of a review of either than in cases where enforcement of an ordinary judgment is enjoined. For purposes of enforcement only, the statute provides that the award shall culminate in a judgment. The circuit court is compelled to enter such judgment and may not decline to do so upon any ground. If an appeal is taken to the circuit court, the award may be reviewed only to the extent prescribed by statute. The same principle applies when this court takes such a case upon appeal. When there is no appeal from an award or where an appeal has been unsuccessful, the entry of judgment is merely ministerial. The circuit court has no jurisdiction to set it aside upon grounds specified in sec. 269.46, Stats., or to grant a new trial. In other words, the court has none of the powers

to set aside the judgment that it has in cases which have been tried to it. However, since the procedure in workmen's compensation cases does involve the judicial process to the extent of using the judgment of a court to execute an award, the court has the same power to enjoin its enforcement where fraudulently obtained that exists where ordinary judgments are concerned.

Some concern is expressed that such a conclusion may result in retrial of many commission cases. We think that these misgivings are not justified. The high degree of proof required to show fraud as well as the burden of showing diligence upon the part of the person attacking the judgment will, we are persuaded, discourage (as they have in such attacks upon judgments generally.) all actions in which clear and satisfactory proof is not available. In the latter class of cases it is difficult to suppose that the legislature ever intended, if it could, to deprive the court of a jurisdiction so salutary and necessary to the administration of justice. Hence, we think that there is nothing in this conclusion that will impair the evident legislative intent that there shall be a speedy, final determination of cases involving injured workingmen.

While there is little authority upon the point, the following cases appear to support these conclusions: *Smith v. Port Huron Gas & Electric Co.* 217 Mich. 519, 187 N. W. 292; *American Life Insurance Co. v. Balmer,* 238 Mich. 580, 214 N. W. 208; *Oliver Iron Mining Co. v. Pneff,* 262 Mich. 116, 247 N. W. 126.

*By the Court.*—Order reversed, and cause remanded with directions to overrule the defendants' demurrer.