NEHRING and another, Appellants, vs. NIEMEROWICZ, imp., Respondent.

*November 9—December 7, 1937.*

*Eugene P. Meyer* of Milwaukee, for the appellants.

For the respondent there was a brief by *McGovern, Curtis & Devos,* attorneys, and *James H. Van Wagenen* of counsel, all of Milwaukee, and oral argument by *Mr. Van Wagenen.*

FOWLER, J.   Action was brought in the civil court of Milwaukee county by the defendant Amanda Niemerowicz against the defendant Insurance Company to recover on a

policy issued by the latter on the life of a deceased insured in which defendant Amanda Niemerowicz was named as beneficiary. The plaintiffs herein, upon an affidavit reciting that the said policy originally named them as beneficiaries and that the said Amanda Niemerowicz fraudulently procured the substitution of herself as beneficiary instead of the plaintiffs, moved the civil court to be made parties defendant therein to enable them to file a "counterclaim" for cancellation of the substitution of beneficiaries and for recovery on the policy. The court granted the motion and gave them leave to file such "counterclaim" by a day certain. The plaintiffs herein failed to file any pleading, and the defendant Amanda Niemerowicz took judgment against the Insurance Company for the amount of the policy. The judgment did not dismiss the action as to the interpleaded defendants or purport to adjudicate as to their rights. The plaintiffs herein thereafter moved in the civil court under sec. 269.46, Stats., for vacation of the judgment and permission to file a "counterclaim" as above stated, and to litigate their rights as against the plaintiff Amanda Niemerowicz and the Insurance Company. The motion was denied on the ground that they were negligent in failing to plead as required by the order making them parties defendant. On appeal from this order to the circuit court it was affirmed. On appeal from the order of affirmance to this court the appeal was dismissed without opinion for want of jurisdiction on the ground, as disclosed by the motion papers on file therein, of which this court takes judicial notice, that sec. 274.33 (3), Stats., provides that "no order of the circuit court shall be considered appealable which simply reverses or affirms an order of the civil court of Milwaukee county, unless the order of the civil court grants, refuses, continues, modifies or dissolves a provisional remedy or injunction." After dismissal of said appeal by this court, this action was brought to enjoin the enforcement of the civil court judgment, cancel the substitution of beneficiaries, and

award recovery on the policy. Upon the complaint and allegations in an affidavit which are not denied, showing insolvency of the defendant Amanda Niemerowicz and inability to recover the amount of the policy from her if the civil court judgment is paid, the court issued an order requiring the defendants to show cause upon day stated why an order enjoining payment of the judgment pending the suit should not be issued and restraining payment until further order of the court. Upon hearing pursuant to the order to show cause, the court dissolved the restraining order and refused an injunction *pendente lite*. From this order the plaintiffs appeal.

The complaint sets out fully the proceedings above detailed. No pleadings had been filed at the time of the hearing of the order to show cause, nor was any affidavit filed denying the allegations of the complaint or the plaintiffs' affidavit in support of the motion for an injunction. The civil court of Milwaukee county has only limited equitable jurisdiction, and none to grant equitable relief on the ground of fraud. If the complaint herein states a cause of action for the ultimate relief sought, an injunction *pendente lite* should have been issued, as without it the defendant Amanda Niemerowicz might enforce payment of the judgment and render fruitless a judgment herein in favor of the plaintiffs in the event such judgment is rendered. The Insurance Company did not oppose the plaintiffs' motion for an injunction and is not contesting their claims here.

A multitude of cases are to the effect that, where a defendant sued at law has a defense in equity which the law court is without jurisdiction to try, a judgment in the law court is not *res judicata* as to that defense, but it may be interposed in an action in equity to enjoin enforcement of the judgment. Freeman, Judgments (5th ed.), § 1224; 15 R. C. L. p. 744; note, 32 L. R. A. 321. While the plaintiffs were not sued in the civil court, and thus did not, strictly speaking, have a

defense to the claim against the Insurance Company made by the plaintiff therein, the facts here claimed would have defeated the plaintiff's case had they interposed them as a cross complaint and established them. As the reason of the rule applicable to equitable defenses applies to equitable cross complaints, the rule applies to them also. It appears from the complaint that the judgment of the civil court has not been paid. It follows that the complaint states a cause of action unless it shows on its face that the civil court judgment is *res judicata*.

There is no claim that the plaintiffs' rights actually were adjudicated in the civil court action, but the respondent claims, and the circuit court held, that the judgment in that action is *res judicata* under the rule that judgments are *res judicata* not only as to what actually was but as to what might have been litigated in the action in which they were rendered. *Kuchenreuther v. Chicago, M., St. P. & P. R. Co.* 225 Wis. 613, 275 N. W. 457.

Had the plaintiffs filed their cross complaint in the civil court, while that court would not have jurisdiction to try the issue raised by it, the civil court would have been required and have had jurisdiction to send the case to the circuit court for trial of all the issues, and all the issues would have been tried in that action. *Pierson v. Dorff,* 198 Wis. 43, 50, 223 N. W. 579; sec. 269.52, Stats. But this does not render the judgment a bar to this action. In the actions barred by judgments in former actions the matter sought to be presented in the subsequent suit must be within the issues raised by the complaint in the former. No pleading was filed in the civil court. No issue was there raised as to the plaintiffs' claim herein. A complaint is essential to confer jurisdiction to enter a judgment against a defendant. 15 C. J. p. 733, § 32; *Jordan v. Brown,* 71 Iowa, 421, 32 N. W. 450; *Sheldon v. Newton,* 3 Ohio St. 494; *Dunlap v. Southerlin,* 63 Tex. 38; *Hutts v. Martin,* 134 Ind. 587, 33 N. E. 676. It is said in

effect in the syllabus to *Will of Rice,* 150 Wis. 401, par. 9, 136 N. W. 956, 137 N. W. 778, and the opinion supports the statement, that where a court has jurisdiction of the subject matter a judgment is void if the court goes beyond the scope of the pleadings, unless it is supported by agreement of the parties or evidence. (The word "argument" is used instead of "agreement" in the paragraph cited, but this is a misprint or error in transcribing.) Thus, had the judgment of the civil court by its terms purported to dismiss the case on the merits as to the interpleaded defendants, the plaintiffs herein, it would have been void. With greater reason is it void when it does not mention them at all. It is manifest that if a plaintiff should serve a summons on the person named therein as a defendant, and a judgment should be entered against the defendant without either complaint or evidence, that judgment would be void. On being interpleaded as defendants in the civil court action the plaintiffs were in the position of the plaintiff in the case just supposed. The court had jurisdiction of their persons, but acquired no jurisdiction of the subject matter of their complaint here, because no cross complaint was filed by them. A judgment in that case that by its terms dismissed the case as to them would have adjudicated nothing. It would have determined nothing but their right to litigate their claim in that action. The fact that they might have filed a cross complaint, and had their case tried in the circuit court, cannot any more serve to render the judgment of the civil court *res judicata* as to their claims than would the fact that the defendant in the supposed case might have appeared and had the action dismissed for want of a complaint have made the supposed judgment against him *res judicata.* This case is within the familiar rule that, when a defendant has a counterclaim against the plaintiff that he might have interposed in the plaintiff's action against him, but did not, the fact that he might have litigated his counterclaim in that action does not prevent him from

thereafter bringing an action upon it. Even failure to appear and litigate a counterclaim where it is interposed, is a withdrawal of it, and judgment for the plaintiff does not bar prosecution of the counterclaim in a subsequent suit. *North Baltimore B. G. Co. v. Altpeter,* 133 Wis. 112, 113 N. W. 435. In *Caley v. Weyerhaeuser State Bank,* 186 Wis. 374, 202 N. W. 682, it is stated that in order to make a former judgment *res judicata* in a subsequent action "the issues made *by the pleadings* in the former action must be substantially the same as the issues made in the latter action touching the matters claimed to be *res judicata.*" See page 378 of the opinion and cases there cited. It is there further said in effect that the fact that a defendant might in a former suit by cross complaint have raised the issue instantly presented, but did not, does not make the former judgment a bar. The pleadings in the civil court action cannot be considered "substantially the same" as in this action because there were no pleadings at all upon the issue here presented.

The respondent claims that negligence in failing to present a matter that they might have presented in a former suit bars parties from presenting it in a subsequent one, and that the civil court's finding that they were negligent in not presenting their claim in that suit is *res judicata* as to their negligence and bars them from presenting their claims in this case under that rule. The general rule doubtless is that negligence in presenting a claim in a former action that might have been presented therein bars its presentation by a subsequent action. Freeman, Judgments, § 1224. Negligence was found in the former case, and that finding is *res judicata* as to the negligence found. But the civil court's finding was only that the plaintiffs' negligence was such as to bar them from vacation of the judgment under sec. 269.46, Stats. The plaintiffs' application was made under that statute. The finding was not that the plaintiffs' neglect was such as to bar them from thereafter commencing an action to litigate their claims in a

court of equity. The civil court by the motion to vacate the judgment was not called upon to make any such finding. It did not consider whether the negligence found was such as to bar the plaintiffs from subsequent action. Being without equitable jurisdiction it had no power to make any such finding. The effect of the finding as *res judicata* went no farther than to preclude the plaintiffs from again raising the question whether the judgment entered should be vacated. This action is not for vacation of the judgment. It operates not upon the judgment but on the parties thereto to prevent them from enforcing or complying with it. The finding should not therefore be considered as *res judicata* as to neglect to bring an action to litigate the plaintiffs' claims. The complaint shows that the plaintiffs were not guilty of any such neglect. This action was brought timely to procure the relief and all the relief herein sought, if the right to such relief be established. There were no laches in bringing this action, and no laches in asserting the claims herein made. The plaintiffs asserted them in time to prevent the Insurance Company from being subjected to double payment, and only laches in that respect should in fairness bar the plaintiffs from prosecuting this suit.

It is quite true, as claimed by the respondent, that the case is not within the rule that entitles one against whom a judgment has been procured by fraud to bring an action for relief from that judgment. The alleged fraud here involved antedates the commencement of the action in which the judgment was entered. This phase of the case has recently been so fully discussed in *Grady v. Meyer,* 205 Wis. 147, 236 N. W. 569, that there is no need for further discussion of it. But courts of equity are not limited to enjoining enforcement of judgments that it would be inequitable to enforce to cases in which the judgment was procured by fraud practiced upon the court entering it. This court has gone as far as any in enjoining judgments in whatever situations their enforce-

ment would be unjust and unconscionable. *Balch v. Beach,* 119 Wis. 77, 95 N. W. 132; *Washburn L. Co. v. White River L. Co.* 165 Wis. 112, 161 N. W. 547. Relief lies in cases of extrinsic as well as intrinsic fraud. *Laun v. Kipp,* 155 Wis. 347, 145 N. W. 183. This is a case of the former class.

*By the Court.*—The order of the circuit court is reversed, with instructions to grant plaintiffs' motion for an injunction *pendente lite* upon compliance with the conditions imposed by statute.

FRITZ, J. (*dissenting*). In my opinion due effect has not been given in the court's decision to the following well-established rules, that—

(1) "The granting or refusing of an injunction *pendente lite* is a matter within the sound discretion of the trial court and . . . its order will not be reversed unless an abuse of discretion is shown." *Fassbender v. Peters,* 179 Wis. 587, 588, 191 N. W. 973;

(2) "Equity will not relieve against a judgment at law on the ground of its being contrary to equity under circumstances where it appears there has been negligence or fault on the part of a defendant." *Grady v. Meyer,* 205 Wis. 147, 152, 236 N. W. 569, 571.

In the case at bar no facts are shown and it is not charged that the rendition of the judgment, in question, was directly induced by fraud. The only fraud charged is that the substitution of Amanda Niemerowicz, as the beneficiary under a life insurance policy, was obtained by fraud, and that thereby there was created the condition, upon the real existence of which the civil court's judgment in her favor was based. But, as is recognized in the majority opinion, fraud in that respect is not sufficient as basis for enjoining the enforcement of the judgment.

On the other hand, there is sufficient showing in the record, upon which the order under review was made, to war-

rant the court in concluding that the plaintiffs' failure to plead that fraud as a defense or counterclaim in the action in which the judgment was entered,—although they had the right and opportunity to do so,—was due to inexcusable negligence on their part. On their own accord they had intervened and were interpleaded as parties defendant in that action on April 4, 1936, and granted leave to plead by April 26, 1936. They failed to do so within that period and extensions thereof granted by Amanda Niemerowicz's attorneys, who finally informed the plaintiff's attorney, on May 20, 1936, that judgment by default would be entered on that date. On plaintiffs' motion for the vacation of that judgment, the civil court, in denying that motion, stated in its order that it "found no facts constituting a showing of mistake, inadvertence or excusable neglect on the part of said defendants;" and, in affirming that order on an appeal, the circuit court determined that the "interpleaded defendants herein, were guilty of inexcusable neglect in failing to serve and file their answer and cross complaint in said matter within and after the time allowed them by the said civil court, and in permitting plaintiff to enter a default judgment therein." The matters thus determined by those courts were within their jurisdiction in passing upon the issues of fact raised by the plaintiffs' motion for the vacation of the judgment, and therefore the doctrine of *res adjudicata* was applicable to their decisions on those matters. However, even if that doctrine is not applicable to the extent of considering the plaintiffs concluded by the civil and the circuit courts' determination that they were "guilty of inexcusable neglect" in the respects found, it was nevertheless within the province of the court to take those prior adjudications into consideration in determining on the motion for an injunction *pendente lite,* whether it appears that there was such negligence or fault on the part of the plaintiffs that they were not entitled to relief in equity against the judgment, in view of the rule stated in

*Grady v. Meyer, supra.* In addition, the court could take into consideration the facts that, by reason of that negligence, Amanda Niemerowicz had been delayed for almost a year (at the time the order under review was entered) in realizing upon her judgment against the Metropolitan Life Insurance Company; that it had not questioned her right, as the beneficiary under the policy in suit, to the recovery decreed in that judgment, or sought to stay the enforcement thereof; and that, as the plaintiffs themselves contend on this appeal, there is no adjudication in that judgment because of which they are concluded thereby, under the doctrine of *res adjudicata,* from litigating with the insurer the issue as to whether they are rightfully the beneficiaries under the policy. In such litigation the plaintiffs would not be prejudiced by the enforcement of that judgment by Amanda Niemerowicz, and, as the insurer has not questioned her right thereto, there is no occasion or basis for enjoining such enforcement on the motion of the plaintiffs, whose rights are not adjudicated or prejudiced thereby. At all events, in view of the circumstances and legal consequences stated above, it does not seem to me that this court is warranted in holding that there has been such an abuse of discretion on the part of the learned circuit judge as must be shown in order to justify a reversal of the order under review.

I am authorized to state Mr. Justice FAIRCHILD joins in the dissent.